TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00547-CR






Gary Vance Gray, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-98-0066-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING







 Appellant Gary Vance Gray was convicted of knowingly possessing more than four
grams but less than two hundred grams of a controlled substance (cocaine). See Tex. Health &
Safety Code Ann. § 481.115 (West 1992 & Supp. 1999). Enhanced by a prior felony conviction,
he was sentenced by a jury to fifty years' confinement within the Institutional Division of the
Texas Department of Criminal Justice and fined $10,000. Gray appeals in two points of error,
arguing that the evidence was legally and factually insufficient to prove beyond a reasonable doubt
that he knowingly possessed the cocaine. We will affirm the judgment of conviction.


BACKGROUND

 On November 20, 1997, officers from the Rio Concho Multi-Agency Drug
Enforcement Task Force applied for, received, and executed a search and arrest warrant for the
arrest of Gary Gray and Dwain Clemons and the search of Gray's residence. While conducting
surveillance of Gray's residence, officers observed a vehicle depart the premises. Unsure if Gray
was in the vehicle, the officers followed it to a transmission shop. An individual exited the vehicle
and entered the shop. As the individual re-entered the vehicle to depart, one of the officers
conducting the surveillance identified him as Gray. The officers stopped the departing vehicle,
which contained three passengers: Gray, Jacquelynn Goodloe (Gray's wife), and Clemons. 
Goodloe was seated in the passenger seat, and as an officer approached her side of the car, he
noticed a white cloth in her hands. After Goodloe was removed from the car, a rolled-up white
sock was found on the ground next to the passenger door. The sock contained three plastic bags
of cocaine totaling approximately twenty grams, a bag of marihuana, an empty pill bottle, and a
package of rolling papers. Goodloe had been seated inches away from Gray, the driver. Officers
found $1,314 in cash on Gray and $602 in cash on Clemons, who had been seated in the back of
the car. Of the cash seized from Gray and Clemons, $1,200 was in twenty-dollar denominations,
for a total of sixty twenty-dollar bills. The average price of rock cocaine in San Angelo was
twenty dollars. Drug paraphernalia used for rocking cocaine was also seized, namely a test tube
and a razorblade. Additionally, Clemons and Goodloe both had crack pipes in their possession. 
No drugs or drug paraphernalia were found in Gray's physical possession.

 Gray was tried and convicted by a jury of knowingly possessing approximately
twenty grams of cocaine. See Tex. Health & Safety Code Ann. § 481.115. Gray was also found
to be a repeat offender, which elevated the offense to a felony of the first degree. See Tex. Health
& Safety Code Ann. § 481.107 (West 1992 & Supp. 1999). Gray appeals his conviction in two
points of error arguing (1) the evidence is legally insufficient to support the conviction, and (2)
the evidence is factually insufficient to support the conviction. Specifically, Gray argues that the
evidence affirmatively linking him to the cocaine was legally and factually insufficient to prove
the knowledge element of the crime of possession beyond a reasonable doubt.


DISCUSSION

 Gray argues the evidence is legally and factually insufficient to prove beyond a
reasonable doubt he knowingly possessed the cocaine found in his car. In order to prove Gray
knowingly possessed the cocaine found in the sock, the State was required to prove: (1) he
exercised care, control, and management of the cocaine; and (2) he knew the substance he
possessed was cocaine. See Martinets v. State, 884 S.W.2d 185, 187 (Tex. App.--Austin 1994,
no pet.) (citing Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988) and Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986)).

 Because Gray was not in exclusive control of the cocaine, the State must prove
independent facts and circumstances affirmatively linking Gray to the cocaine. See Martinets, 884
S.W.2d at 187 (citing Cude, 716 S.W.2d at 47). Some factors that have been found to provide
affirmative links of knowing possession are: (1) presence of the accused when the search was
executed; (2) the contraband was in plain view; (3) the contraband was found in a place controlled
by the accused; (4) the contraband was found in a vehicle driven by the accused; and (5) the
accused's proximity, or access, to the contraband. See Deshong v. State, 625 S.W.2d 327, 329
(Tex. Crim. App. 1981); State v. Derrow, 981 S.W.2d 776, 779 (Tex. App.--Houston [1st Dist.]
1998, pet. ref'd). The purpose of demonstrating these affirmative links is to show that the
accused's connection with the contraband is more than simply fortuitous. Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). In demonstrating the affirmative links between the
accused and the contraband, we are mindful that each case must be reviewed and considered on
its own facts. See Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.--Austin 1991, pet.
ref'd).


Legal Sufficiency

 We first examine the legal sufficiency of the evidence. When reviewing legal
sufficiency, the relevant question for this Court is, after viewing the evidence in the light most
favorable to the verdict, could a rational trier of fact have found beyond a reasonable doubt that
Gray knowingly possessed the cocaine. See Martinets, 884 S.W.2d at 187 (citing Jackson v.
Virginia, 443 U.S. 307 (1979) and Geesa v. State, 820 S.W.2d 154, 156 (Tex. Crim. App.
1988)).

 The State offered evidence that Gray was the driver of the automobile from which
the drugs were seized. The drugs were contained in a rolled-up sock that was clearly visible to
Gray in the hands of his common-law wife Goodloe, who was seated in the passenger seat. Gray's
proximity to Goodloe gave him easy access to the contraband. The State also showed that, upon
their arrest, Gray and Clemons had in their possession $1,916 in cash, of which $1,200 was in
twenty-dollar bills. The jury was informed that twenty dollars was the street price of crack
cocaine in San Angelo. Additionally, the State entered into evidence Gray's statement to Goodloe
upon their arrest to "don't say nothing," which could indicate guilty knowledge on Gray's part. 
Also, both passengers had crack pipes and drug paraphernalia in their possession. We agree with
the State that the evidence viewed in the light most favorable to the verdict is legally sufficient to
support the conviction. The affirmative links between Gray and the cocaine can be found in the
nature of Gray and Goodloe's relationship, Gray's possession of a large amount of cash, his
statement upon arrest, his control of the vehicle, and his access to the cocaine while he was in the
vehicle. Accordingly, we overrule Gray's first point of error.


Factual Sufficiency

 Gray's next point on appeal challenges the factual sufficiency of the evidence. In
an analysis of factual sufficiency, we determine whether the jury's verdict is so contrary to the
overwhelming weight of evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); see also Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed). In reviewing factual sufficiency, we consider the
evidence as a whole, not in a light favorable to either party. See Clewis, 922 S.W.2d at 129; see
also Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We must be appropriately
deferential to the original trier of fact so as to avoid substituting our own judgment for that of the
jury. See Clewis, 922 S.W.2d at 133. Determining the credibility of witnesses and weighing the
evidence are within the province of the jury as trier of fact. See Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). The possibility that reasonable minds could differ over the
conclusions drawn from the evidence does not justify a reversal of the jury's verdict. See
Richardson v. State, 973 S.W.2d 384, 387 (Tex. App.--Dallas 1998, no pet.).

 To support his claim that the evidence of possession is factually insufficient, Gray
offers the testimony of Clemons, who testified that the sock was his and that Gray had no
knowledge it contained drugs. However, the State was able to show that even though Clemons
claimed ownership of the sock, he was unable to correctly identify its contents. Gray also points
to testimony by the arresting officers that it was impossible to determine the contents of the sock
without unrolling it, arguing that this supports his claim that he had no knowledge of the sock's
contents. The State counters that if Gray was truly ignorant of the sock's contents, common sense
demands that a husband with a clear view of a rolled-up sock in his wife's hands would inquire
what it was and why it was in her hands.

 In further support of his contention that the evidence is factually insufficient, Gray
directs this Court to testimony by the arresting officers that they could not identify the exact
denominations of cash seized from Gray and Clemons individually; the officers only knew the total
number of twenty-dollar bills seized from both individuals and could not indicate the exact number
seized from Gray. Yet, a jury using simple mathematics could deduce that at least $600 of the
$1,200 in twenty-dollar bills came from Gray because only $602 was seized from Clemons. Thus,
at least thirty ($600) of the sixty twenty-dollar bills seized during the arrest of Gray and Clemons
were Gray's. Gray further argues an alternative explanation for the large quantity of cash found
in his and Clemons's possession; Clemons had received a $4,021 tax refund seven days before and
had allegedly given Gray $1,200 as a down-payment for a car. However, the mere existence of
an alternative hypothesis does not make the jury's verdict factually insufficient. See Richardson,
973 S.W.2d at 387. It is the jury's role to determine the credibility of witnesses and weigh the
evidence. See Sharp, 707 S.W.2d at 614. The duty of this Court is to determine if the jury's
finding that Gray knowingly possessed cocaine is so against the great weight of evidence as to be
manifestly wrong and unjust. See Clewis, 922 S.W.2d at 129; see also Stone, 823 S.W.2d at 381.

 Considering the evidence as a whole, we do not find the jury's verdict to be
manifestly wrong or unjust. Not only was the jury presented with the evidence discussed with
regard to legal sufficiency that tended to support the State's case, but also the jury witnessed
Clemons's seemingly contradictory testimony--claiming both ownership of the sock and that Gray
had no knowledge it contained drugs, yet being unable to correctly identify the sock's contents. 
The evidence also allowed the jury to calculate that at least thirty of the sixty twenty-dollar bills
seized by the police were from Gray. In weighing the evidence and judging the credibility of
witnesses, the jury was free to discount Gray's claim of a legitimate source for the cash in the face
of contradictory evidence. See Sharp, 707 S.W.2d at 614. We find the evidence against Gray
factually sufficient to support his conviction for knowingly possessing cocaine, and we overrule
his second point of error.


CONCLUSION

 Having overruled both of Gray's points of error, we affirm the trial court's
judgment of conviction.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 15, 1999

Do Not Publish



r own judgment for that of the
jury. See Clewis, 922 S.W.2d at 133. Determining the credibility of witnesses and weighing the
evidence are within the province of the jury as trier of fact. See Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). The possibility that reasonable minds could differ over the
conclusions drawn from the evidence does not justify a reversal of the jury's verdict. See
Richardson v. State, 973 S.W.2d 384, 387 (Tex. App.--Dallas 1998, no pet.).

 To support his claim that the evidence of possession is factually insufficient, Gray
offers the testimony of Clemons, who testified that the sock was his and that Gray had no
knowledge it contained drugs. However, the State was able to show that even though Clemons
claimed ownership of the sock, he was unable to correctly identify its contents. Gray also points
to testimony by the arresting officers that it was impossible to determine the contents of the sock
without unrolling it, arguing that this supports his claim that he had no knowledge of the sock's
contents. The State counters that if Gray was truly ignorant of the sock's contents, common sense
demands that a husband with a clear view of a rolled-up sock in his wife's hands would inquire
what it was and why it was in her hands.

 In further support of his contention that the evidence is factually insufficient, Gray
directs this Court to testimony by the arresting officers that they could not identify the exact
denominations of cash seized from Gray and Clemons individually; the officers only knew the total
number of twenty-dollar bills seized from both individuals and could not indicate the exact number
seized from Gray. Yet, a jury using simple mathematics could deduce that at least $600 of the
$1,200 in twenty-dollar bills came from Gray because only $602 was seized from Clemons. Thus,
at least thirty ($600) of the sixty twenty-dollar bills seized during the arrest of Gray and Clemons
were Gray's. Gray further argues an alternative explanation for the large quantity of cash found
in his and Clemons's possession; Clemons had received a $4,021 tax refund seven days before and
had allegedly given Gray $1,200 as a down-payment for a car. However, the mere existence of
an alternative hypothesis does not make the jury's verdict factually insufficient. See Richardson,
973 S.W.2d at 387. It is the jury's role to determine the credibility of witnesses and weigh the
evidence. See Sharp, 707 S.W.2d at 614. The duty of this Court is to determine if the jury's
finding that Gray knowingly possessed cocaine is so against the great weight of evidence as to be
manifestly wrong and unjust. See Clewis, 922 S.W.2d at 129; see also Stone, 823 S.W.2d at 381.

 Considering the evidence as a whole, we do not find the jury's verdict to be
manifestly wrong or unjust. Not only was the jury presented with the evidence discussed with
regard to legal sufficiency that tended to support the State's case, but also the jury witnessed
Clemons's seemingly contradictory testimony--claiming both ownership of the sock and that Gray
had no knowledge it contained drugs, yet being unable to correctly identify the sock's contents. 
The evidence also allowed the jury to calculate that at least thirty of the sixty twenty-dollar bills
seized by the police were from Gray. In weighing the evidence and judging the credibility of
witnesses, the jury was free to discount Gray's claim of a legitimate source for the cash in the face
of contradictory evidence. See Sharp, 707 S.W.2d at 614. We find the evidence against Gray
factually sufficient to support his conviction for knowingly possessing cocaine, and we overrule
his second point of error.


CONCLUSION

 Having overruled both of Gray's points of error, we affirm the trial court's
judgment of conviction.



 

 Mack Kidd, Justice