Walter Lee **RICHARDSON,**
**Jr., Appellant,**

v.

The **STATE** of Texas, **Appellee.**

No. 05–96–00703–CR.

Court of Appeals of Texas,
Dallas.

July 2, 1998.

Published in Part Pursuant
to Tex. R. App. P. 90.

---

Gary Krupkin, Krupkin & Moulliet, Dallas, for Appellant.

Patricia Poppoff Noble, Assistant District Attorney, Dallas, for State.

Before MALONEY, MOSELEY and ROACH, JJ.

## OPINION

ROACH, Justice.

Walter Lee Richardson, Jr. appeals his conviction of attempted burglary of a habitation. The original indictment contained enhancement paragraphs alleging two prior felony convictions. Pursuant to the State's request, the second enhancement paragraph was stricken. During the punishment phase of the trial, appellant pleaded "true" to the first enhancement paragraph and was sentenced to 20 years imprisonment and a $2,500 fine. In two points of error, appellant claims (1) the evidence was factually insufficient to support the conviction and (2) his sentence was erroneously increased by an enhancement paragraph which had been effectively deleted by the State's pretrial motion to amend the indictment. We overrule both points of error and affirm the trial court's judgment.

## FACTS

On the morning of November 15, 1995, Otis Seuss was looking out of his kitchen door when he noticed some unusual activity at his next door neighbor's house. He saw an unfamiliar car backed up into the carport and two men looking around inside the carport. He telephoned 911 to report the activity. While on the telephone with the authorities, he witnessed the men making trips back and forth from the car to the front door of the residence. At one point, one of the men took an item resembling a lunch box from the vehicle and returned to the front door of the house. Seuss was unable to detail the activities of the men at the front door because his view was obstructed.

Within ten minutes, two police officers arrived at the scene. Officer McDaniel pursued and arrested one of the men who attempted to flee the area. Officer Clifton apprehended appellant after a brief struggle. Appellant was arrested and searched. Officer Clifton found a flat blade screwdriver in the left front pocket of appellant's pants. Officer Clifton examined the front door of the residence and discovered fresh pry marks matching the edge of the screwdriver found on appellant.

Robin Fortenberry, the owner of the home appellant was accused of burglarizing, testified that on November 15, 1995, she left her house between 7:00 and 7:30 a.m. and no one was home at the time of the events recounted above. She stated that she did not know the men who were arrested and that they did not have permission to enter her home. She further reported that when she returned home that evening around six o'clock, she noticed scratch marks on the front door that were not present when she left that morning. Appellant presented no witnesses or physical evidence in his behalf.

## FACTUAL SUFFICIENCY

■ In his first point of error, appellant contends the evidence is factually insufficient to prove that he intended to burglarize the premises. Appellant asserts that be-

cause the only evidence of his intent was circumstantial, this Court should consider the existence of any alternative reasonable hypothesis of innocence in accordance with the factual sufficiency review standards enunciated in *Stone v. State*, 823 S.W.2d 375 (Tex App.—Austin 1992, pet. ref'd, untimely filed) and adopted by the Texas Court of Criminal Appeals in *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Before we address the merits of appellant's assertion, we note that appellant presented no evidence of an alternative hypothesis at the trial. He attempted to raise an alternative hypothesis through cross-examination of the State's witnesses. Appellant is therefore requesting that we review the evidence from the State's case-in-chief to determine whether any reasonable alternative hypothesis exists which would preclude the jury from finding appellant guilty beyond a reasonable doubt. This is not the proper standard of review for a factual sufficiency analysis.

In 1991, the Texas Court of Criminal Appeals rejected the 'reasonable-hypothesis-of-innocence analytical construct' utilized in analyzing the *legal* sufficiency of the evidence in circumstantial evidence cases. *See Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). Five years later, the court of criminal appeals adopted a standard for reviewing factual insufficiency claims in criminal cases. *See Clewis*, 922 S.W.2d at 129. Since *Clewis*, the question of whether a reviewing court may consider an alternative reasonable hypothesis when reviewing the factual sufficiency of the evidence to support a conviction based on circumstantial evidence has never been squarely addressed by the court of criminal appeals. In *Stone*, the Austin Court of Appeals alluded to this issue when it suggested that a reviewing court may consider the testimony of defense witnesses and the existence of alternative reasonable hypotheses when conducting a factual sufficiency analysis. *Stone*, 823 S.W.2d at 381. In fact, the Austin Court of Appeals has gone so far as to state, "the test for factual sufficiency when an alternate reasonable hypothesis exists is that the verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence, i.e., the alternate reasonable hypothesis, as to be clearly wrong

and unjust." *Orona v. State*, 836 S.W.2d 319, 322 n. 2 (Tex.App.—Austin 1992, no pet.). However, the court in *Orona* was quick to add that this approach did not revive the analytical construct abolished in *Geesa*. *Id.*

When the Texas Court of Criminal Appeals adopted the *Stone* standard of review for factual insufficiency claims, it made no reference to alternative reasonable hypotheses. *See Clewis*, 922 S.W.2d at 129. While *Clewis* did not expressly include consideration of alternative reasonable hypotheses in the standard of review for factual sufficiency, it also did not specifically disapprove of this approach. The standard of review for assessing factual sufficiency, as delineated in *Clewis*, is clear. We objectively review all of the evidence presented at trial and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Id.* When engaging in a factual sufficiency review, the appellate court cannot replace the jury's determination with that of its own. *Id.* at 133.

Since *Clewis*, several published opinions have engaged in the factual sufficiency review of convictions based on circumstantial evidence. The Beaumont Court of Appeals has indicated a reviewing court may consider the existence of alternative reasonable hypotheses. *See Schexnider v. State*, 943 S.W.2d 194, 198 (Tex.App.—Beaumont 1997, no pet.). The Beaumont Court of Appeals revisited the alternative reasonable hypothesis construct issue when performing a factual sufficiency review in *Wallace v. State*, 955 S.W.2d 148, 151 (Tex.App.—Beaumont 1997, no pet.). In *Wallace*, the court of appeals considered an alternate theory that the appellant had presented to the jury through cross-examination of the State's witnesses. *Id.* at 151. This consideration, however, did not alter the standard of review under which the court reviewed the evidence. *Id.* Ultimately, the court in *Wallace* concluded that the jury verdict was not so contrary to the evidence as to be manifestly unjust, shocking to the conscience or demonstrating bias. *Id.*

The court of appeals in San Antonio has also addressed the alternative reasonable hypothesis construct in the context of factual

sufficiency reviews. *Smith v. State*, 961 S.W.2d 501 (Tex.App.—San Antonio 1997, no pet.). In *Smith*, the appellant claimed there was evidence at trial that the maternal grandfather committed the sexual assault for which the appellant was convicted. *Id.* at 504. Relying on *Geesa*, the court found that "neither the jury nor the reviewing court is required to exclude all reasonable alternate hypotheses in resolving a case." *Id.* The court went on to state, "finding that the jury had failed to rule out an alternate hypothesis would repudiate the jury's right to weigh the evidence and assess the credibility of witnesses." *Id.*

We agree with the view expressed in *Stone, Orona, Schexnider*, and *Wallace*, that a reviewing court conducting a factual sufficiency analysis necessarily considers any reasonable alternative reasonable hypotheses raised by the evidence. The very nature of a factual sufficiency review requires the court to consider *all* of the evidence presented at trial and not just that which is favorable to the verdict. *See Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim.App.1997). Therefore, if the evidence suggests the existence of a reasonable alternative reasonable hypothesis, the court cannot ignore it and still properly perform the analysis required under *Clewis*. However, the mere existence of an alternative reasonable hypothesis does not render the evidence factually insufficient. As the cases above illustrate, even when an appellant identifies an alternative reasonable hypothesis raised by the evidence, the standard of review remains the same. A verdict may be overturned only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis*, 922 S.W.2d at 129. We cannot reverse the verdict if reasonable minds could differ about the conclusions to be drawn from the evidence. *Scott v. State*, 934 S.W.2d 396, 399 (Tex.App.—Dallas 1996, no pet.). After objectively reviewing all the evidence presented in this case, and applying this standard, we conclude that the evidence is factually sufficient to support the verdict of guilt.

Appellant focuses on the fact that there was no eyewitness testimony linking appellant and the screwdriver to the scratch marks on the door of the house. Therefore, he argues the evidence is consistent with the hypothesis that appellant was in the neighborhood to do repair work and simply went to the wrong house. He further asserts that even if he was on the property for some illegal purpose, the evidence, at best, suggests criminal trespass or criminal mischief. We do not agree.

Our review of the record reveals no evidence to raise appellant's alternative hypothesis. Eyewitness testimony depicted an unfamiliar vehicle backed up into the carport and appellant looking around the carport. Appellant made several trips from the car to the front door of the house and, after his arrest, the police found a screwdriver in his pocket that matched the fresh pry marks on the door. The pry marks were not there when the owner of the premises left for work that morning. Although appellant's closing argument suggested that the State's evidence was just as indicative of appellant's innocence as his guilt, the jury chose to reject this suggestion.

There is ample circumstantial evidence in this case from which a jury could infer intent. We therefore cannot hold that the jury verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's attempt to present an alternative reasonable hypothesis has no effect on the standard of review nor does it change our conclusion. We overrule appellant's first point of error.

### ENHANCED SENTENCE

█ In his second point of error, appellant claims his sentence was erroneously increased by an enhancement paragraph that was effectively deleted from the indictment prior to trial. Specifically, appellant asserts the State's pretrial motion to amend the indictment to correct the spelling of the complainant's name inadvertently requested the court to substitute the sole paragraph contained in the exhibit attached to the motion for the three paragraphs of the original indictment. The exhibit contained no enhancement paragraphs. Appellant reasons that when the trial court granted the State's mo-

tion, the enhancement paragraphs were deleted from the indictment. We do not agree.

■ Neither the motion to amend nor the trial court's granting the motion operates to amend the indictment. *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App.1992). It is the actual alteration of the indictment that is the amendment. *Id.* We have examined the indictment contained in the record on appeal. The first paragraph alleges the facts in support of the attempted burglary charge at issue and contains a line through "Fortenbury" and a handwritten, corrected spelling of complainant's name above. The remaining two paragraphs relate to appellant's prior felony convictions. Nothing on the face of the indictment suggests that the enhancement paragraphs were altered or deleted in any way. Consequently, the indictment was never amended to delete the second paragraph containing the felony conviction upon which appellant's enhanced sentence was based. Accordingly, appellant's sentence was authorized by law. We overrule appellant's second point of error.

We affirm the trial court's judgment.

MALONEY, J., concurring.