NO. 07-01-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 13, 2003
_____


LEE EDWARD BOOTEN,
AKA LEE EDWARD TURNER AKA QUICK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 155TH DISTRICT COURT OF WALLER COUNTY;

NO. 00-07-10,291; HONORABLE MARY BACON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.


MEMORANDUM OPINION


Appellant Lee Edward Booten appeals from his conviction for delivery of a controlled substance. He urges that the evidence is factually insufficient to support the conviction. We affirm.

On April 12, 2000, Officer Michael Chaney, a reserve officer with the City of Brookshire Police Department, and Officer Lisa Gartman, met Pam Collins at a motel in Hempstead, Texas. Gartman had purchased drugs from Collins earlier in the day.

Chaney and Gartman, both working undercover, told Collins that they wanted to buy some crack cocaine. Collins told Chaney and Gartman that she knew where to buy some crack, and Collins and Chaney left the motel together. Collins directed Chaney to drive to appellant's address. When they arrived, Chaney gave Collins $100 and Collins went up to appellant in the driveway of the residence. Chaney testified that he watched from his vehicle while Collins handed money to appellant and appellant handed something back to Collins. According to Chaney, Collins then returned to the car, handed the crack cocaine to him, and asked for some in exchange for setting up the buy. Chaney refused to give Collins any of the cocaine, but Gartman gave her $20 when Chaney and Collins returned to the motel.

Collins testified that after Chaney dropped her off at appellant's residence, he left in the vehicle. According to Collins, she and appellant went inside the garage and behind a car where she exchanged money for cocaine. She then returned to the car in which she and Chaney drove to appellant's house, gave the cocaine to Chaney, asked for some of the drugs, and her request was refused by Chaney. She agreed with Chaney's testimony that she and Chaney then returned to the motel where Gartman gave her $20. She was later indicted for the transaction, pled guilty to delivery of a controlled substance, and was serving time for her conviction at the time of appellant's trial.

2

Appellant was indicted in Waller County for delivery of a controlled substance in the amount of one gram or more but less than four grams. He was convicted and sentenced to ten years incarceration.

Appellant appeals the conviction via one issue which urges factual insufficiency of the evidence. He urges that the evidence is uncontroverted that Collins was not searched before or after the alleged transaction with appellant and the State failed to introduce corroborating evidence connecting appellant to an offense independent of the testimony of Collins, who was an accomplice witness. He concludes first that absent independent corroborating evidence, he cannot be convicted on the testimony of Collins; and second, that the State has not overcome his alternative reasonable hypothesis presented by the proof that Collins was not searched before the alleged transaction and might have been in possession of the cocaine before she met appellant.

The State's response is twofold. First, the State asserts that Chaney's testimony as to how the transaction occurred is independent evidence corroborating Collins' testimony. Second, the State cites Geesa v. State, 820 S.W.2d 154 (Tex.Crim.App. 1991) as overruling the "alternative reasonable hypothesis" analytical construct for testing sufficiency of the evidence.

Review of the evidence in a criminal case for factual sufficiency to support a conviction entails a neutral review of all the evidence, both for and against the finding. The evidence is factually insufficient if such a review demonstrates that (1) the proof of guilt, standing alone, is too weak to support a finding of guilt, or (2) the proof of guilt, although

adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). When the verdict is in favor of the party with the burden of proof, as in this matter, the verdict and judgment may only be set aside for factual insufficiency if the entire record shows that evidence supporting the jury's finding is so weak as to be clearly wrong and manifestly unjust. Id. It is within the province of the jury to consider the demeanor and credibility of the witnesses in weighing conflicting testimony. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the fact-finder's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony. See Johnson, 23 S.W.3d at 8.

The State and appellant agree, and the jury was charged, that Collins was an accomplice witness. See TEX. CRIM. PROC. CODE ANN. art. 38.14 (Vernon 1981). As such, her testimony is not sufficient evidence for conviction unless it is corroborated. If, after eliminating the accomplice witness' testimony, the remaining evidence tends to connect the accused with commission of the offense, then the evidence is sufficient corroboration. See McDuff v. State, 943 S.W.2d 517, 521 (Tex.App.–Austin 1997, pet.ref'd).

The State points to Officer Chaney's testimony as corroboration evidence. Chaney testified that he watched from an automobile as Collins and appellant conducted a transaction in which Collins handed money to appellant and appellant handed something

to Collins. Collins then returned to the car where Chaney was waiting and handed crack cocaine to Chaney.

Chaney's testimony differed from that of Collins as to whether he drove off after dropping Collins off at appellant's house, or whether he stayed and watched the transaction. The conflict was for the jury to resolve, however. We respect the jurors' decision. See Cain, 958 S.W.2d at 408-09.

Chaney's testimony was evidence tending to connect appellant with the transaction. It was sufficient to corroborate Collins' accomplice witness testimony. See McDuff, 943 S.W.2d at 521-23. And, a decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State. See Cain, 958 S.W.2d at 410.

As to appellant's assertion that the State's evidence did not overcome the alternative reasonable hypothesis presented by the evidence, we note that the Court of Criminal Appeals rejected the reasonable alternative hypothesis construct as a measure of legal sufficiency in circumstantial evidence cases. See Geesa, 820 S.W.2d at 161. The Court has not rejected the construct in factual sufficiency analyses. See Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). But, the construct is not determinative of the factual sufficiency issue. It is only a factor to be considered. Id. When we consider such factor, we defer to the jury's choice between competing theories which are supported by evidence. See Goodman v. State, 66 S.W.3d 283, 287 (Tex.Crim.App. 2001). The existence of a reasonable alternative hypothesis does not render the evidence factually

insufficient. <u>See</u> <u>Richardson v. State</u>, 973 S.W.2d 384, 387 (Tex.App.--Dallas 1998, no pet.).

The jury resolved the issues of credibility in favor of the State's position, and against appellant's construct urging that Collins brought the crack cocaine with her to the meeting with appellant. Such resolution does not render the evidence factually insufficient. We conclude that the proof of guilt, standing alone, is not too weak to support a finding of guilt, nor that the proof of guilt is greatly outweighed by contrary proof.

The evidence is factually sufficient to support the verdict. <u>See</u> <u>Johnson</u>, 23 S.W.3d at 11. Appellant's sole issue is overruled. The judgment is affirmed.


Phil Johnson
Chief Justice


Do not publish.