COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

LARRY DON BALLEW,                                     )

                                                                              )              
No.  08-05-00014-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )                 
292nd District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )                 (TC# F04-15808-V)

                                                                              )

 

 

O
P I N I ON

 

Larry Don Ballew
appeals his conviction for aggravated sexual assault of a child under the age
of fourteen.  He raises two issue:  (1) the factual sufficiency of the evidence
supporting his conviction; and (2) the trial court=s
admission of portions of a court packet showing he was previously indicted for
aggravated sexual assault of a child.  We
will affirm.

At the time of
trial in November of 2004, the victim S.B. was twelve years= old and living with his mother
Margaret Vigil, and stepfather, Michael Vigil, in New Mexico. 
When S.B. was eight or nine years=
old, he would occasionally visit his grandmother=s
house in Carrollton, Texas where his cousin Casey and Appellant
lived.  S.B. was fond of Appellant
because he would take S.B. and Casey fishing, and because he had weapons and a
PlayStation in his room.








According to S.B.,
during one of these visits, he and Casey were playing together in Casey=s room.   Appellant burst into the room, grabbed S.B.,
and took him to his room.  Appellant
slammed the door and threw S.B. onto his bed. 
He got on the bed next to S.B. and unbuttoned S.B.=s pants.  Appellant put his hand underneath S.B.=s clothes and began touching S.B.=s Aprivate.@ 
This continued until Casey entered Appellant=s
room and Appellant told Casey to get out. 
After Casey left, Appellant put his mouth on S.B.=s
Aprivate@
and bobbed his head.  Appellant stopped
when he heard a knock on the front door. 
He then told S.B. to get off the bed. 
S.B. pulled up his pants and left the room.  As he was leaving, Appellant threatened to
kill him if he told anyone.

On the same day
that S.B. informed his mother about the incident, she heard that her oldest son
had been in a fight with Appellant.  S.B.
told his mother he hoped Appellant did not hurt his brother in the same way
Appellant hurt him.  When Mrs. Vigil
questioned him further, S.B. pointed to his private parts and said A[h]e put his mouth here.@ 
Mrs. Vigil continued to question S.B. for clarification, and he replied
by saying, A[y]es,
mom, he put his mouth here on my private parts.@  S.B. also told his mother that Appellant
threatened to hurt him.

After comforting
S.B., Mrs. Vigil called the police department. 
She was instructed to notify the Safehouse, a local center for abused
children.  Mrs. Vigil took S.B. to the
Safehouse where he was interviewed about the incident.  The interviewer, Eddie Lujan, described S.B.
as nervous and embarrassed, but said that nothing indicated S.B. was coached in
his responses.  

At trial,
Appellant entered a plea of not guilty. 
He presented testimony from two witnesses but did not testify in his own
defense.  The jury found Appellant guilty
of the charged offense and sentenced him to forty years in the Institutional
Division of the Texas Department of Criminal Justice.








Standard
of Review

Appellant does not
challenge the legal sufficiency of the evidence.  A factual sufficiency review of the evidence
begins with the presumption that the evidence supporting the conviction was
legally sufficient.  Moore v. State,
140 S.W.3d 720, 726 (Tex.App.-‑Austin 2004, pet. ref=d), citing Clewis v. State, 922
S.W.2d 126, 134 (Tex.Crim.App. 1996).  In
reviewing the factual sufficiency of the evidence, we must determine whether
considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex.Crim.App. 2004).  Evidence can be
factually insufficient if the evidence supporting the verdict, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt,
or contrary evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.   Id. at 484-85.  Our evaluation should not intrude upon the
fact finder=s role as
the sole judge of the weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).

We will not set
aside the judgment unless the evidence supporting the verdict is so weak as to
be clearly wrong and manifestly unjust.  Zuniga,
144 S.W.3d at 481.  A clearly wrong and
manifestly unjust verdict occurs where the jury=s
finding Ashocks
the conscience@ or Aclearly demonstrates bias.@ 
Id.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the Appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003).








In Issue One,
Appellant challenges the factual sufficiency of the evidence by arguing that
the trial testimony shows he was falsely accused.  He asserts that his conviction rests solely
on the testimony of S.B.  He claims
conflicting testimony renders S.B.=s
testimony unreliable and S.B.=s
unreliable testimony cannot support his conviction.  Appellant contends the evidence contrary to
the verdict is so strong that the beyond a reasonable doubt standard cannot be
met.  We disagree.

At trial, S.B.
testified that he was sexually assaulted by Appellant.  He stated that his cousin Casey burst into
Appellant=s room
during the assault.  After Appellant told
Casey to get out, Appellant continued to sexually assault him.  S.B. testified that Appellant stopped
assaulting him after hearing a knock on the front door.  He also said that Appellant yelled at him
after the assault and threatened to kill him if he told anyone about the
incident.  However, Casey testified that
he never walked in on Appellant and S.B. and did not see Appellant on top of
S.B.  Casey also stated that he did not
hear Appellant threaten S.B.  During his
testimony, S.B. admitted that other family members that were present in the
living room did not hear Appellant=s
threat.

The evidence in
this case consisted solely of witness testimony.  The weight to be given conflicting testimony
lies within the sole province of the jury, and the reviewing court must show
deference to the jury=s
determination.  Cain, 958 S.W.2d
at 408-09.  The jury is free to believe
or disbelieve any witness.  Torres v.
State, 141 S.W.3d 645, 662 (Tex.App.--El Paso 2004, pet. ref=d). 
The jury apparently resolved the conflicting testimony in favor of the
State and we give appropriate deference to their determination.  See id.








Appellant also
contends a reasonable alternative hypothesis demonstrates that Appellant was
falsely accused of committing the offense. 
A reviewing court conducting a factual sufficiency analysis necessarily
considers any reasonable alternative hypotheses raised by the evidence because
the very nature of a factual sufficiency review requires the court to consider
all of the evidence presented at trial and not just that which is favorable to
the verdict.  Richardson v. State,
973 S.W.2d 384, 387 (Tex.App.--Dallas 1998, no pet.); see also Drewery v.
State, No. 08‑04‑00201‑CR, 2005 WL 1791630, *3 (Tex.App.‑-El
Paso July 28, 2005, pet. ref=d)(not
designated for publication).  Therefore,
if the evidence suggests the existence of an alternative reasonable hypothesis,
the court cannot ignore it and still properly perform the analysis required
under Clewis.  Richardson, 973 S.W.2d at 387.

However, the mere
existence of a reasonable alternative hypothesis does not render the evidence
factually insufficient.  Id.  Even when an appellant identifies an
alternative reasonable hypothesis raised by the evidence, the standard of
review remains the same.  Id.  A verdict may be overturned only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  Id. 
We cannot reverse the verdict if reasonable minds could differ about the
conclusions to be drawn from the evidence. 
Id.

Appellant argues
Mrs. Vigil=s trial
testimony establishes that a hostile relationship existed between Mrs. Vigil
and Appellant and that S.B. was coached to falsely accuse Appellant of the
offense.  We again disagree.  Mrs. Vigil testified that on the day S.B. told
her about the incident, her oldest son had been in a fight with Appellant.  Additionally, Mrs. Vigil testified that
Appellant was her ex-brother-in-law and that she did not have any relationship
with him.  While it might be possible to
construe Mrs. Vigil=s
testimony as evidence of a hostile relationship, the jury apparently rejected
that construction.  Further, Mr. Lujan,
the individual who interviewed S.B. at a center for abused children called the
Safehouse, testified that nothing suggested S.B. had been coached.  Ultimately, the jury was entitled to believe
his testimony.








After a neutral
review of all of the evidence, including Appellant=s
alternative reasonable hypothesis, we conclude that the evidence is not too
weak to support the finding of guilt beyond a reasonable doubt nor so contrary
to the finding as to be clearly wrong and unjust.  Accordingly, we conclude that the evidence is
factually sufficient to support Appellant=s
conviction.  Issue One is overruled.

In Issue Two,
Appellant argues the trial court erred in admitting portions of a court packet,
over his objection, showing he had been indicted in another offense for
aggravated sexual assault of a child under the age of fourteen because he only
pled guilty to the offense of sexual assault. 
To preserve error for appellate review, a defendant must object in a
timely and specific manner at trial and obtain a ruling on that objection.  See Tex.R.App.P.
33.1(a).  Further, the issue on appeal
must comport with the objection made at trial. 
See Wilson
v. State, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).  If the complaint on appeal asserts a
different legal theory or basis for objection than that raised at trial, the
appellant fails to preserve any issue for our review.  Dixon
v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998).

During the
punishment phase, the trial court asked if the parties had any objection to the
charge.  Defense counsel stated, A[n]o other objections to the charge
other than this, with this one exception, that the State=s
prior is admitted only for the purposes of what he pled to, which was sexual
assault versus aggravated sexual, what the original charge was.@ 
The trial judge responded, AWell,
I mean -- off the record.@  A discussion off the record followed, but the
trial court never addressed counsel=s
complaint.








On the record but
outside the presence of the jury, defense counsel again objected to the charge,
stating, A[a]nd
with regard to the charge, I object to the fact that this judgment has been set
aside and subsequently dismissed, Your Honor.@  The trial judge reminded counsel that the
State had not yet offered the packet for evidence and asked if that was going
to be his objection when it was offered. 
Defense counsel answered in the affirmative.  When the State offered the packet into
evidence, defense counsel objected to its admission, stating, AYour Honor, I=m
going to renew my objection to the admission of this exhibit based on the same
objection outside the presence of the jury.@  His objection was overruled by the trial
court.

 After reviewing the record, it is clear that
the objection to the indictment charging Appellant with a offense greater than
the one to which he ultimately pled guilty was never addressed by the trial
court.  The objection the trial court
ruled on did not relate to the indictment. 
Instead, it referenced a prior judgment which was dismissed after
Appellant successfully served out his probated sentence.  Thus, Appellant=s
issue on appeal does not comport with his objection at trial.  Therefore, he has failed to preserve this
issue for our review. Issue Two is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

 

September
28, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

Barajas, C.J., Not Participating

 

(Do Not Publish)