NUMBER 13-06-226-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

IN THE MATTER OF J.O.T.


 




On appeal from the 98th Judicial District Court


Juvenile Court of Travis County, Texas.


 




MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides



 The appellant, J.O.T., appeals an adjudication of delinquency for attempted
burglary of a habitation. J.O.T. challenges the legal and factual sufficiency of the
evidence on two issues: (1) whether an entry actually occurred, and (2) specific
intent to commit a felony, theft, or an assault. We hold that the first issue is
irrelevant, since J.O.T. was convicted of attempted burglary. We also hold that the
evidence presented at trial was both legally and factually sufficient to support a
finding of specific intent to commit a felony, theft, or assault. Accordingly, we affirm
the judgment of the district court.I. Background

 On July 26, 2005, C.T. was at home with his two younger sisters, Lu.T. and
La.T. At approximately 10:00 a.m. in Travis County, Texas, J.O.T. knocked on the
front door of the residents' home. C.T. saw J.O.T. through the peephole and knew
him from school, but chose not to answer the front door. After knocking on the front
door and receiving no answer, J.O.T. approached the front window and then went
around to the rear door of the residence. Once at the rear door, J.O.T. knocked and
again received no answer. He then inserted a knife blade into the doorjamb at the
location of the dead bolt lock and wiggled the knife up and down. After J.O.T. had
been at the back door of the residence for some time, C.T. asked Lu.T. to open the
back door and ask what J.O.T. wanted. When she opened the back door, J.O.T.
asked if C.T. was home, and Lu.T. replied that he was not. J.O.T. ran from the area
and left on a bicycle.

 On October 18, 2005, J.O.T. was charged with attempted burglary of a
habitation and criminal trespass. The juvenile court referee found J.O.T. guilty on
both counts. J.O.T. moved for a new trial on March 8, 2006, but the district court
denied the request. J.O.T. now appeals. (1)

II. Standard of Review

 The Texas Family Code places juvenile delinquency proceedings in civil
courts but requires that their adjudication be based on the standard of proof used in
criminal cases. Tex. Fam. Code Ann. §§ 51.17, 54.03(f) (Vernon Supp. 2006). In
addition, the Texas Supreme Court has held that juvenile delinquency proceedings
are "quasi-criminal" in nature, and therefore criminal rules of procedure must be
looked to for guidance. In re B.L.D, 113 S.W.3d 340, 351 (Tex. 2003). Thus, for
each of J.O.T.'s claims, we apply the same standards of review for sufficiency of the
evidence that are applicable in criminal cases. In re M.C.L., 110 S.W.3d 591, 594
(Tex. App.-Austin 2003, no pet.). 

 In evaluating a legal sufficiency challenge, the appellate court views the
evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Drichas v. State,
175 S.W.3d 795, 798 (Tex. Crim. App. 2005); Sanders v. State, 119 S.W.3d 818,
820 (Tex. Crim. App. 2003). In determining whether evidence is sufficient to convict,
the appellate court must examine the totality of the circumstances. Vodochodsky
v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). This standard is applicable
in both direct and circumstantial evidence cases. Chambers v. State, 711 S.W.2d
240, 244-45 (Tex. Crim. App. 1986). The appellate court is not a fact finder; its role
is to act as a due process safeguard, ensuring only the rationality of the trier of fact's
finding of the essential elements of the offense beyond a reasonable doubt. Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).


 When evaluating a challenge to the factual sufficiency of the evidence, the
appellate court views all the evidence in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas, 175 S.W.3d 
at 799. The appellate court should set the verdict aside only if: (1) the evidence
supporting the conviction, although legally sufficient, is nevertheless so weak that
the fact-finder's determination is clearly wrong and manifestly unjust; or (2) the
verdict is against the great weight and preponderance of the evidence. Watson, 204
S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
The appellate court cannot conclude that a conviction is "clearly wrong" or
"manifestly unjust" simply because it would have voted to acquit. Watson, 204
S.W.3d at 417. In other words, we may not simply substitute our judgment for the
fact-finder's judgment. Johnson, 23 S.W.3d at 12; Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997). To reverse for factual insufficiency, the appellate court
must determine, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the verdict. Watson, 204 S.W.3d at 417. 
In examining a factual sufficiency challenge, the appellate court should defer to the
fact-finder's determinations regarding credibility of the evidence. Swearingen v.
State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

III. Attempted Burglary Defined

 The Texas Penal Code defines a criminal attempt as follows: "A person
commits an offense if, with specific intent to commit an offense, he does an act
amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (Vernon
2003). Burglary is defined in the penal code, in pertinent part, as follows:

(a) A person commits an offense if, without the effective consent of the
owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not
then open to the public, with intent to commit a felony, theft, or an
assault. Id. at § 30.02.


Accordingly, a charge of attempted burglary is proven by establishing that the
appellant committed an act amounting to more than mere preparation to enter a
habitation not then open to the public, without the effective consent of the owner,
with intent to commit a felony, theft, or an assault, and that the act tended but failed
to effect the commission of a burglary. Flournoy v. State, 668 S.W.2d 380, 382 (Tex.
Crim. App. 1984).IV. Analysis

 In his first issue, J.O.T. alleges that the evidence presented at trial was not
legally or factually sufficient to prove that an actual entry occurred. This issue is
irrelevant, though, because entry is not an element of attempted burglary. One
need only commit an act amounting to more than mere preparation to enter the
habitation to satisfy the entry element of attempted burglary. Issue one, therefore,
is overruled.

 In his second issue, J.O.T. argues that the evidence presented at trial was not
legally or factually sufficient to prove his intent to commit a felony, theft, or assault. 
To support this assertion, J.O.T. alleges that the trial court deliberately omitted any
mention of the intent to commit a felony, theft, or assault from its findings of fact. We
disagree on both counts.

 Juvenile criminal cases in Texas are governed by the Texas Rules of Civil
Procedure, unless otherwise provided by statute. Tex. Fam. Code § 51.17(a). J.O.T.
claims that according to Rule 299 of the rules of civil procedure, a deliberate
omission from the findings of fact cannot be logically supplied by implication. While
this is true, J.O.T. neglects to mention what exactly constitutes a deliberate omission
under Rule 299. The rule states, in pertinent part:

 The judgment may not be supported upon appeal by a presumed
finding upon any ground of recovery or defense, no element of which
has been included in the findings of fact; but when one or more
elements thereof have been found by the trial court, omitted
unrequested elements, when supported by evidence, will be supplied
by presumption in support of the judgment. 


Tex. R. Civ. P. 299 (emphasis added). 


 In the instant case, the element of intent to commit a felony, theft, or assault
is an omitted unrequested element. J.O.T. did not request a finding on the element
of specific intent, nor did he mention specific intent in his Proposed Findings of Fact
and Conclusions of Law. Furthermore, J.O.T. never asked for clarification on the
element of specific intent, which was an option available to him under Texas Rule
of Civil Procedure 298. J.O.T. must have specifically requested a finding or a
clarification of the element in question for the presumption that a court inadvertently
omitted the finding of fact on that element to be rebutted. Vickery v. Comm'n for
Lawyer Discipline, 5 S.W.3d 241, 253 (Tex. App.-Houston [14th Dist.] 1999, pet.
denied) (citing Stretcher v. Gregg, 542 S.W.2d 954, 958 (Tex. Civ. App.-Texarkana
1976, no writ)). Because J.O.T. did none of these things, the presumption applies.

 Rule 299 also states that to presume that a court has ruled on a particular
element of an offense, even though it has been omitted from the findings of fact, the
omitted element must be supported by the evidence. J.O.T. contends that the
element of specific intent is not supported by the evidence, and for this reason, the
presumption that the court inadvertently omitted a finding of fact on this element
should not apply. We disagree, and infer specific intent according to our discussion
below.

 A defendant's conduct and the surrounding circumstances may be found to
imply intent to commit burglary. Linder v. State, 828 S.W.2d 290, 294 (Tex.
App.-Houston [1st Dist.] 1992, pet. ref'd); Roane v. State, 959 S.W.2d 387, 388
(Tex. App.-Houston [14th Dist.] 1998, pet. ref'd) (implying intent where defendant
was found to be wearing gloves and chipping away at the caulking around the
window of a stranger's house, screen on the window had been removed); 
Richardson v. State, 973 S.W.2d 384, 385 (Tex. App.-Dallas 1998, no pet.) (finding
implied intent where a man observed two strangers who had pulled up to his
neighbor's house in an unfamiliar car making trips between the car and the front
door of that house, police found a flat head screwdriver in the defendant's pocket,
the size of which matched fresh pry marks that were found on the door of the
house); Flournoy, 668 S.W.2d at 381-382 (implying intent where defendant had
already "reached his hand through a screen door of [the] habitation" when he was
scared away by the shotgun-wielding owner). 

 In the instant case, the evidence showing that J.O.T. was attempting to
burglarize the residents' home is as strong, if not stronger, than any of the evidence
in the three cases presented above. As opposed to the defendant in Roane, who
was merely chipping away at the caulking of a window, the appellant inserted a knife
blade in the doorjamb at the location of the dead bolt lock and wiggled the knife up
and down. Roane, 959 S.W.2d at 388. Like the defendant in Richardson, J.O.T.
was seen by an eyewitness at the door of the residence in question. Richardson,
973 S.W.2d at 385. Unlike the defendant in Richardson, though, J.O.T. was seen
actually manipulating a knife against the doorjamb by both Lu.T. and C.T., whereas
the neighbor who called the police in Richardson could not see what the suspect
was doing at the front door of his neighbor's house. Id. Comparing the facts of
Flournoy, the defendant had simply reached his hand through the screen door to the
main door of the habitation. Flournoy, 668 S.W.2d at 382. J.O.T. went considerably
further than this, actually sticking a knife into the doorjamb of the residents' back
door.

 J.O.T. compares his case to two other cases where a conviction for attempted
burglary was overturned. In Solis v. State, the defendant removed a screen from the
window of a house, then put the screen down against the side of another house and
walked away, without having been disturbed in the process. Solis, 589 S.W.2d 444,
445-46 (Tex. Crim. App. 1979). The Court of Criminal Appeals ruled that even
though removing the screen was enough of an act to infer intent to enter the house,
the defendant's actions after he removed the screen cast a reasonable doubt on his
specific intent to commit theft. Id. at 446-47. Here, J.O.T. was interrupted while in
the act of putting a knife into the residents' door jamb, making it impossible to know
if he would have left the premises of his own accord. Furthermore, there was no
evidence that Solis made an attempt to open the window, whereas J.O.T. was
actually wiggling a knife between the doorjamb and the back door of the residents'
home. Id. Therefore, the evidence of guilt is more apparent than in Solis. Id.

 J.O.T. also compares his situation to the facts of Perez v. State, 695 S.W.2d
51, 52 (Tex. App.-Corpus Christi 1985, no pet.). The ruling in Perez, though, was
based on the "exclusion of reasonable outstanding hypothesis" theory (2), which was
rejected by the Texas Court of Criminal Appeals as a method of evaluating the
sufficiency of evidence. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.
1991, overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim.
App. 2000)). Thus, this precedent cannot be followed when deciding on the legal or
factual sufficiency of evidence, since the theory of law that the holding was based
on has been overturned. 

 According to the foregoing analysis, the evidence presented at trial is both
legally and factually sufficient to support the court's implied finding of specific intent
to commit a felony, theft, or assault. With regard to legal sufficiency, a reasonable
trier of fact could have found that J.O.T. had the specific intent to commit a felony,
theft, or assault, since he was seen by two witnesses attempting to enter the
habitation without permission from the owner. The evidence is also factually
sufficient to support a finding of specific intent. J.O.T. was seen attempting to enter
the habitation, without permission, by wiggling a knife against the deadbolt lock of
the residents' back door. Furthermore, J.O.T. did not leave the premises on his own
- it was only when Lu.T. opened the door that he left. The finding is not manifestly
unjust, and the great weight and preponderance of the evidence does not undermine
the verdict reached by the trial court.

V. Conclusion

 We find that the evidence presented at trial was both legally and factually
sufficient to support the adjudication of delinquency for attempted burglary of a
habitation. The judgment of the district court is AFFIRMED.


 __________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and filed

this the 19th day of July, 2007.







1. The case was transferred to the Thirteenth Court of Appeals pursuant to a docket equalization order
issued by the Supreme Court of Texas. Tex. Gov't Code Ann. § 73.001 (Vernon 1998).
2. The "reasonable outstanding hypothesis" theory held that when an appellate court reviewed the
sufficiency of evidence supporting a conviction, the court had to consider all other reasonable hypotheses
besides the theory of guilt advanced by the state. Perez, 695 S.W.2d at 54. If the court found that the credible
evidence could support another reasonable hypothesis, then the court would hold that the state had not
proved its case beyond a reasonable doubt, and the verdict would be overturned. Id.