NO. 12-08-00047-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


BILLY SHANNON BOTHWELL,
§
 APPEAL FROM THE 217TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANGELINA COUNTY, TEXAS

 

MEMORANDUM OPINION


 Billy Shannon Bothwell appeals his conviction for attempted burglary of a habitation. In
three issues, Appellant argues that the trial court erred when it did not instruct the jury that it could
find him guilty of a lesser offense and that the evidence is legally and factually insufficient to support
the verdict. We affirm.


Background

 A neighbor saw Appellant drive his truck up to a house, get out, walk around the house, peer
into the windows, and then leave. The neighbor called the police. Appellant returned a short time
later, took something out of his truck, and approached the house. The neighbor heard the sound of
pounding on a window and glass breaking. Appellant left again, and the police arrived a short time
later. The police observed that a window near a door to the home had been broken out. Police
officer William Casper parked his vehicle in the neighborhood and waited to see if Appellant would
return. Appellant did return, and Officer Casper stopped him.

 Appellant explained to the officer where he was coming from and where he was going. This
explanation did not seem reasonable to the officer because the route described by Appellant
unnecessarily ventured through a neighborhood with multiple stop signs and a far more direct route
was available. The police officer also found a mallet in Appellant's truck with fragments of broken
glass on it. The neighbor was brought to the scene and identified Appellant as the person he had
seen earlier at the house. Appellant was arrested and indicted for the felony offense of attempted
burglary of a habitation. The indictment also alleged, as punishment enhancements, that Appellant
had eleven prior felony convictions.

 Appellant pleaded not guilty at his trial. The jury convicted him as charged. Appellant
pleaded true to five of the enhancement allegations, and the trial court assessed punishment at
twenty-five years of imprisonment. This appeal followed.


Jury Instruction

 In his first issue, Appellant argues that the trial court erred in not instructing the jury that it
could find him guilty of the offense of criminal trespass. Specifically, Appellant argues that he
requested such an instruction and that the trial court should have given it because criminal trespass
is a lesser included offense of attempted burglary of a habitation.

Applicable Law

 Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury
"a written charge distinctly setting forth the law applicable to the case. . . ." Tex. Code Crim. Proc.
Ann. art. 36.14 (Vernon 2007). Upon the defendant's request, a trial court must include a lesser
included offense instruction in the jury charge if the offense is a lesser included offense and there
is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. See Guzman
v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). However, a trial court need not instruct the
jury on a lesser included offense unless requested to do so by the defendant. See Delgado v. State,
235 S.W.3d 244, 250 (Tex. Crim. App. 2007); Middleton v. State, No. 12-07-00066-CR, 2008 Tex.
App. LEXIS 2137, at *9-10 (Tex. App.-Tyler Mar. 26, 2008, pet. ref'd) (mem. op., not designated
for publication). 

 One offense is a lesser included offense of another if, as relevant here, it is established by
proof of the same or less than all the facts required to establish the commission of the greater offense
charged. Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006). The court of criminal appeals
has articulated a "cognate-pleadings analysis" in which a court evaluating a request for a lesser
included offense instruction is to determine whether the elements of the lesser offense are pleaded
as facts that must be proven in the indictment for the greater offense. Hall v. State, 225 S.W.3d 524,
535-37 (Tex. Crim. App. 2007). If the elements of the lesser offense are pleaded, the court must
then evaluate the evidence and determine if the jury could find the defendant guilty only of the lesser
offense. Id. at 536. The elements of attempted burglary, as alleged here, are 


 1) a person,

 2) with the intent to commit the offense of burglary of a habitation,

 3) does an act, to wit, breaking a window on said habitation, 

 4) which amounted to more than mere preparation that tended but failed to effect the
commission of the offense intended. 



Tex. Penal Code Ann. § 15.01 (Vernon 2003); Tex. Penal Code Ann. § 30.02 (Vernon 2003).

 The elements of criminal trespass are


 1) a person,

 2) enters or remains on property,

 3) without the effective consent of the owner,

 4) and he had notice the entry was forbidden or received notice to depart but failed to
do so.



Tex. Penal Code Ann. § 30.05 (Vernon Supp. 2008).

 Whether criminal trespass is a lesser included offense of burglary can be a complicated
question. The answer turns on whether the criminal trespass element of notice that entry is forbidden
is included in the charging language of the greater offense and included in the evidence at trial. See
Hall, 225 S.W.3d at 533, 535-36 ("[I]f the factual allegations in the charging instrument did not
reflect that the building's exterior served as such a barrier, then 'additional facts' would be necessary
to support trespass as a lesser-included offense."); State v. Day, 532 S.W.2d 302, 306 (Tex. Crim.
App. 1976). For example, notice that entry is forbidden can come in the form of a fence or
enclosure. See Tex. Penal Code Ann. § 30.05(b)(2)(B) (Vernon Supp. 2008). Therefore, that
element can be present in the greater offense if it is alleged that the actor breached a fence or
enclosure. See Hall, 225 S.W.3d at 533.

Analysis

 Appellant's counsel initially requested that the jury be instructed that they could find
Appellant guilty of the offense of criminal trespass as a lesser included offense of attempted
burglary. In response, the trial court asked Appellant's counsel to "point me to whatever evidence,
however slight, that would raise the possible guilt of criminal trespass - - which criminal trespass
is with notice that entry's forbidden or warned - -." There is no such evidence, nor was notice, or
constructive notice in the form or a fence or building exterior, alleged in the indictment. (1) Counsel
acknowledged as much and withdrew his request by saying, "Notice would keep it out, Your 
Honor." This colloquy occurred next:


 The Court: Okay. If it were a fence or a gate or - - 

 [Counsel]: Right.

 The Court: - - or a sign.

 [Counsel]: Right.

 The Court: Okay. So any other requests or objections?

 [Counsel]: No other requests, no other objections.


 Because Appellant withdrew his request for an instruction, there is no complaint preserved
for appellate review. See Delgado, 235 S.W.3d at 250. Even if counsel had maintained his request,
the trial court's position was the correct one. The indictment did not allege all of the elements of
criminal trespass, and the evidence did not show that Appellant was on notice that entry on the real
property was forbidden. Accordingly, the trial court would have been correct not to give the
instruction if Appellant had persisted in his request. We overrule Appellant's first issue.


Sufficiency of the Evidence

 In his second and third issues, Appellant argues that the evidence was insufficient to support
the verdict. Specifically, he argues that the evidence was insufficient to prove that he was the person
who broke the window and insufficient to show that he did so with the specific intent to commit a
burglary.

Applicable Law 

 The due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.-Tyler 2006, pet. ref'd). Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Rollerson v. State, 227 S.W.3d 718, 724 (Tex.
Crim. App. 2007).

 While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court
of Criminal Appeals has determined that the Texas Constitution requires further review of the factual
sufficiency of the evidence. Clewis v. State, 922 S.W.2d 126, 129-30 (Tex. Crim. App. 1996). 
Factual sufficiency review differs from legal sufficiency review only slightly. See Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006). In a factual sufficiency review, we review the
evidence without the light most favorable to the verdict and we are authorized, "albeit to a very
limited degree," to disagree with the jury's resolution of contested factual issues. See id.; Watson
v. State, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006). In a review of the factual sufficiency
of the evidence, we will conclude that the evidence is insufficient only if the great weight and
preponderance of the evidence contradicts the jury's verdict or the verdict is clearly wrong and
manifestly unjust. See Rollerson, 227 S.W.3d at 724; Watson, 204 S.W.3d at 417.

 Under either standard, our role is that of appellate review, and the fact finder is the principal
judge of the weight and credibility of a witness's testimony. Wesbrook v. State, 29 S.W.3d 103,
111-12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a
witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

 The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A
hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does
not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories
of liability, and adequately describes the particular offense for which the defendant is tried." Id.

 The State was required to prove that Appellant, with the intent to commit the offense of
burglary of a habitation, did an act that amounted to more than mere preparation but tended and
failed to effect the commission of the intended offense. See Tex. Penal Code Ann. § 15.01
(Vernon 2003). As relevant here, a person commits burglary if, without the effective consent of the
owner, he enters a habitation with intent to commit a felony, theft, or an assault. Tex. Penal Code
Ann. § 30.02(a)(1) (Vernon 2003). 

Analysis

 The jury had to decide whether Appellant was the one who broke out the window on the
house and whether he did so with the intent to commit a burglary. The first question is easier. A
neighbor saw an elderly man drive a pickup truck into the victim's driveway and walk around to the
back of the house, looking through the fence and into windows. The same man returned minutes
later and broke out a window next to a door. The police caught Appellant a short while later driving
through the neighborhood, and the neighbor identified him. Finally, the neighbor identified
Appellant in open court as the man he had seen the three previous times.

 This evidence is sufficient for the jury to conclude that Appellant is the man who made a
preparatory trip to the home, returned to break the window, and was apprehended driving in the
vicinity of the home. The inference that Appellant was in the process of attempting to commit a
burglary is supported by the following facts:

 1) Appellant was apprehended in the neighborhood, and his explanation for why he was there
was suspicious.

 2) Appellant had a mallet in his truck with broken glass on it.

 3) The home had alarm stickers on the windows, and Appellant's actions were consistent
with a person preparing to gain entry while avoiding being apprehended if an alarm had been
triggered.

 A defendant's conduct and the surrounding circumstances may be found to imply intent to
commit burglary. See Linder v. State, 828 S.W.2d 290, 294 (Tex. App.-Houston [1st Dist.] 1992,
pet. ref'd); see also Roane v. State, 959 S.W.2d 387, 388-89 (Tex. App.-Houston [14th Dist.] 1998,
pet. ref'd) (implying intent where defendant was found to be wearing gloves and chipping away at
the caulking around the window of a stranger's house, and screen on the window had been removed). 
In Richardson v. State, 973 S.W.2d 384, 387 (Tex. App.-Dallas 1998, no pet.), the court held that
the finder of fact could infer intent to commit an attempted burglary where a neighbor saw two men
pull up to a neighbor's house and the defendant was apprehended with a screwdriver that matched
fresh pry marks on the door. 

 This case is similar to Richardson, and we hold that the evidence is legally sufficient to
support the verdict. Appellant's two trips to the house are consistent with the first steps of a
burglary. His action of breaking out the glass window adjacent to the door can reasonably be
understood to be a step toward burglarizing the home. And the jury could have reasonably
concluded that the police stopped Appellant in the act of returning to the home to finish the burglary
he had started. 

 We reach the same conclusion with respect to the factual sufficiency of the evidence. 
Appellant argues that the State did not prove that he intended to commit a theft and that there is no
evidence that he exercised any possession of any items in the home. The evidence of intent to
commit a theft is circumstantial. To be sure, if Appellant had made one trip to the home, or had not
broken out the window, or if there had been another obvious motivation for his actions, it would
have been more difficult to discern his intent. However, after considering all of the evidence, the
jury could have rationally inferred that Appellant's broke out the window with the intent to return
later to enter the home and to commit a theft. This conclusion is not against the weight of the
evidence and is not clearly wrong or manifestly unjust. With respect to Appellant's argument that
he did not exercise possession of any of the victim's property, the lack of that evidence is important
in that a direct statement of Appellant's intent is not present in this case. But his intent could be
shown circumstantially, and the State was not required to prove that Appellant completed a burglary
or a theft because Appellant was only charged with attempted burglary of a habitation. Accordingly,
we overrule Appellant's second and third issues.



Disposition

 Having overruled Appellant's three issues, we affirm the judgment of the trial court.




 BRIAN HOYLE 

 Justice



Opinion delivered March 31, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


























(DO NOT PUBLISH)
1. The indictment did not allege that Appellant entered the building. The trespass, if any, would have been
to the complaining witness's real property, and it was not alleged that Appellant was on notice not to enter that
property. Appellant did not request an instruction on the offense of attempted criminal trespass.