

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00085-CR

THOMAS HOLDER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 2017-3455-CR1

## MEMORANDUM OPINION

In one issue, appellant, Thomas James Holder, challenges the sufficiency of the evidence supporting his conviction for theft of property valued at $100 or more but less than $750. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2) (West 2019). We affirm.

# I. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Holder contends that the evidence is insufficient to support his conviction for theft of property valued at $100 or more but less than $750. We disagree.

## A. Standard of Review

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and

circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

B.    **Discussion**

Brianna Tullos testified that she met Holder at a mutual friend's house the night before the offense was committed in this case. Tullos invited Holder over to her apartment the following evening. Tullos recounted that Holder arrived at her apartment at around 7:30 p.m. that evening. While Tullos and Holder were "hanging out," Tullos fell asleep. Tullos noted that she fell asleep because of prescription medicine she had taken. Nevertheless, at the time of the "date," there was no one else inside Tullos's apartment.

Tullos recalled that she woke up at 9:30 p.m. that same evening to find that Holder was no longer present in the apartment. Instinctively, Tullos checked her purse and

noticed that she could not find, among other things, her keys and approximately $400 in cash. Tullos noted that the cash was located inside a separate wallet inside her purse. She later found her keys, but the cash was never recovered.

Tullos attempted to contact Holder by text messaging him and sending him a Snapchat message. Despite responding to Tullos's Snapchat and text messages the night prior to the "date," Holder stopped responding and blocked Tullos. However, Tullos was able to see what Holder had posted on Snapchat. Tullos learned through Holder's Snapchat video post that "he was going to go out and party." She found this "very odd" because Holder told her during the "date" that "he had no money whatsoever, he was broke." Tullos denied giving Holder permission to take anything out of her purse or her apartment, and she never heard from Holder again.

Viewing the evidence in the light most favorable to the verdict, the jury could have rationally concluded that Holder unlawfully appropriated approximately $400 in cash from Tullos's purse with the intent to deprive Tullos of the property. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2); *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2781; *Zuniga*, 551 S.W.3d at 732-33. This is especially so considering Holder was the only person in the apartment, besides Tullos, who had access to the purse at the time of the offense and because Holder discontinued contact with Tullos after the theft and went partying despite testimony that he had no money when he went to Tullos's apartment. The jury could have reasonably inferred, based on his presence at the apartment at the time of the

offense, as well as his conduct after the theft, that Holder was the perpetrator of the theft. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2781; *Cary*, 507 S.W.3d at 757; *Hooper*, 214 S.W.3d at 16-17. Accordingly, we hold that the evidence is sufficient to support Holder's conviction in this case. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2); *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2781; *Zuniga*, 551 S.W.3d at 732-33.

Despite the foregoing, Holder argues on appeal that some mystery person could have come into Tullos's apartment and stolen the money while she was asleep. We are not persuaded by this contention, as it is purely speculative and not supported by any record evidence. Moreover, it is well-settled law that the State is not obligated to negate every conceivable alternative to a defendant's guilt. *See Geesa v. State*, 820 S.W.2d 154, 157-61 (Tex. Crim. App. 1991) (holding that it is not incumbent upon the State to exclude "every reasonable hypothesis other than guilt" for the evidence to be considered sufficient), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000); *see also Lopez v. State*, 267 S.W.3d 85, 97-98 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Harris v. State*, 133 S.W.3d 760, 763-65 (Tex. App.—Texarkana 2004, pet. ref'd); *Richardson v. State*, 973 S.W.2d 384, 387 (Tex. App.—Dallas 1998, no pet.) ("[T]he mere existence of an alternative reasonable hypothesis does not render the evidence . . . insufficient . . . . [E]ven when an appellant identifies an alternative reasonable hypothesis raised by the evidence, the standard of review remains the

same."); *Orona v. State*, 836 S.W.2d 319, 322 (Tex. App.—Austin 1992, no pet.)). We therefore overrule Holder's sole issue on appeal.

## II. CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed January 8, 2020
Do not publish
[CR25]

