Marlon Mondale **WALLACE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–96–181 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 2, 1997.

Decided Oct. 22, 1997.

Paul M. Fukuda, Larry C. Hunter, Vidor, for appellant.

John D. Kimbrough, County Attorney, Doneane Beckcom, Troy Johnson, Assistant County Attorneys, Orange, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This appeal arises from appellant's conviction for possession of a controlled substance. Appellant was indicted for the felony offense of Possession of a Controlled Substance by intentionally and knowingly possessing a controlled substance, to wit: cocaine, in an amount of less than one gram. Appellant entered a plea of not guilty and trial was to a jury. After hearing the evidence, the jury returned a verdict of guilty as charged in the indictment. Appellant was sentenced by the jury to eighteen months confinement in a State jail. The imposition of the sentence was suspended by the court and appellant was assessed an up-front six month jail sentence in addition to five years probation. Appellant then filed a motion for new trial which was denied. From the judgment and sentence, appellant has perfected this appeal.

Appellant brings forth one point of error: "The trial court erred in failing to grant appellants (sic) motion for judgment notwithstanding the jury's verdict because the evidence was legally and factually insufficient for any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt."

## FACTS

On December 12, 1994, at approximately 12:40 p.m., Officers Longlois and Enmon of the Orange, Texas Police Department were on patrol in a high crime area of Orange, Texas. The officers observed a group of people congregating around a vehicle where one person, the appellant, was sitting in the driver's seat. The officer's decided to investigate and approached the group "just really [to] talk to the people that were standing around there." The car was backed onto a concrete drive which was in an open, public area. The Officers exited their patrol car and approached the group, making small talk, looking around on the ground for things that would lead to suspicion of drugs being sold. Officer Longlois approached the car in which appellant was seated while Officer Enmon spoke to the group of men. The group was away from the driveway, about ten feet south of the car. Appellant got out of the car to speak with Officer Longlois; they stood on the north side of the car. While they were talking Officer Longlois twice noticed appellant looking down at the ground. The officer looked down also and observed a match box directly between appellant's legs on the ground. From his training and experience, Longlois knew that crack cocaine is often sold in match boxes and that street level drug dealers sometimes conceal drugs they are trying to sell in small pieces of trash laying on the ground. The match box was in plain view of the officer. Wallace appeared nervous and used his left foot to kick the match box underneath the car. The actions in kicking the match box appeared to be tactful and intentional. Upon retrieving the match box from under the car, Longlois discovered pieces of what he believed to be crack cocaine inside the box. Officer Enmon testified that while he was talking to the group of people he did not observe anyone from the group go over to the side of the car where officer Longlois and appellant stood nor did he witness anyone throw anything under the car.

Appellant was not arrested at that time. There were no odors indicative of drugs at the scene, appellant was not in possession of drug paraphernalia, he appeared to be in normal control of his mental and physical faculties, nothing illegal was found on his person, and he did not make any statements regarding the ownership of the match box or contraband.

Officer Longlois subsequently took the substance to the Orange Police Department

for field testing; the substance was identified as cocaine. Appellant was subsequently indicted and convicted for Possession of a Controlled Substance.

At trial, the State called Officer Longlois as a witness. With the apparent aid of a dictionary, the following litany was elicited before the jury, during the direct examination of Officer Longlois, without objection:

Q.[The State] By kicking the match box, in your observation of the defendant, did he demonstrate close attention or careful heed to the match box?

A.[Longlois] Yes, ma'am.

Q. Did he also by his actions demonstrate, charge, protection or custody of the match box?

A. Yes, ma'am.

Q. Did he also demonstrate that the match box was something that he was watching over?

A. Yes, ma'am.

Q. And did he also demonstrate by his actions that the match box was something that he was to take charge of?

A. Yes, ma'am.

Q. Did he also demonstrate by his actions that he was attempting to guard or keep safe the match box?

A. Yes, ma'am.

Q. Did he also by his actions demonstrate care, protection or guardianship of the match box?

A. Yes, ma'am.

Q. Did he also demonstrate through his actions the handling, controlling or directing of the match box?

A. Yes, ma'am.

Q. And did he demonstrate a careful, tactful treatment of the match box?

A. Yes, ma'am.

Q. Did he demonstrate that he had the power to direct or regulate the match box?

A. Yes, ma'am.

Q. Did he also demonstrate that he had the power to exercise authority over it, or to command it?

A. Yes, ma'am.

**LEGAL SUFFICIENCY**

In reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.* Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Rabbani v. State,* 847 S.W.2d 555, 558 (Tex. Crim.App.1992). The standard of review is the same for both direct and circumstantial evidence cases. *Geesa v. State,* 820 S.W.2d 154, 159–161 (Tex.Crim.App.1991). In *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim. App.1996), the Court placed appellate review of legal sufficiency in the following context:

A *Jackson* review, "viewing the evidence in the light most favorable to the prosecution," is not a factual sufficiency review; rather, it is an analytical tool used to determine whether there is a fact issue at all. [footnote and citation omitted] The *Jackson* standard "gives fair play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789. [footnote omitted]

Possession is defined as "actual care, custody, control or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon 1994). To prove unlawful possession of a controlled substance, the State must prove (1) the defendant exercised actual care, control and management over the contraband; and (2) the defendant knew the substance in his possession was contraband. *King v. State,* 895 S.W.2d 701, 703 (Tex.Crim.App.1995).

In the instant case, the light most favorable to the verdict permits any rational trier of fact to reasonably infer appellant had knowledge of contraband contained in the matchbox as his act of kicking said matchbox under the vehicle was an attempt to distance himself from the illegal controlled substance. Furthermore, we also find that any rational trier of fact could have found that appellant had "care, control and management" of the matchbox from Officer Longlois's conclusory,

but nevertheless definitive, testimony of the various ways appellant "possessed" the matchbox. Longlois's testimony at least raised a fact issue with regard to the "care, control, and management" prong of possession. The jury may use common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence. *Wawrykow v. State,* 866 S.W.2d 87, 88–89 (Tex.App.—Beaumont 1993, pet. ref'd). A reviewing court's legal sufficiency review is a very limited one. We do not serve as a "thirteenth juror in assessing the evidence." *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988). Instead, we act only "as a final, due process safeguard ensuring only the rationality of the factfinder." *Id.* As such, we find that from all the evidence before us, examined in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt.

### FACTUAL SUFFICIENCY

A review of the factual sufficiency of the evidence is conducted under the standards announced in *Stone v. State,* 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed), and ultimately adopted by the Court of Criminal Appeals in *Clewis v. State, supra.* When the court of appeals conducts a factual sufficiency review in a criminal case, it does not engage in the *Jackson* "light most favorable" standard of review. *Stone,* 823 S.W.2d at 381. Factual sufficiency review begins with the presumption that the evidence supporting the jury's verdict was legally sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment. *Id.* Furthermore, the appellate court reviews all the evidence without the prism of "in the light most favorable to the prosecution." *Id.* Because the reviewing court is not bound to view the evidence in the light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. *Schexnider v. State,* 943 S.W.2d 194, 198 (Tex.App.—Beaumont 1997, no pet.). The reviewing court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Stone,* 823 S.W.2d at 381.

Before reversing a conviction on this basis, the appellate court should detail the evidence and clearly state why the jury's verdict is so contrary to the overwhelming weight of the evidence as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias; and, further, the court must state how the evidence contrary to the jury's verdict overwhelmingly outweighs the evidence that supports the verdict. *Id.* "In conducting a factual sufficiency review, an appellate court reviews the factfinder's weighing of the evidence and is authorized to disagree with the factfinder's determination. This review, however, must be appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the jury." *Clewis,* 922 S.W.2d at 133.

In the instant case, the weight of the evidence *vis a vis* appellant's "care, control and management," and his "knowledge" of the contraband cannot be seriously alluded to as "overwhelming." Yet, appellant presented *no witnesses nor physical evidence in his behalf.* He attempted to raise reasonable doubt during the trial through the skillful cross-examination of the State's witnesses by his trial counsel. His "kick the can" scenario of unintentional conduct, advanced at trial and in his appellate brief, is an attempt to raise an alternate hypothesis to the State's theory of knowledgeable control of the contraband in the matchbox through intentionally kicking said matchbox under the vehicle. While appellant did indeed present the jury with the alternate theory of an innocent and incidental act of kicking a piece of trash under the vehicle, the jury chose, for whatever reason, to disregard it to a greater or lesser degree. Under the *Stone/Clewis* standard of factual sufficiency review, we simply cannot say that the jury's verdict was so contrary to the "overwhelming" weight of the evidence as to be manifestly unjust, or that said verdict "shocks the conscience," or "clearly demonstrates bias." We must,

therefore, overrule appellant's point of error and affirm the judgment and sentence of the trial court.

AFFIRMED.