PD-0439-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/17/2015 11:35:30 AM
Accepted 4/21/2015 11:51:54 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

**JACK THEOTRICE CLARK, JR.,**
### APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-12-00134-CR; TRIAL COURT NO. 9708-D)

**STATE OF TEXAS,**
### APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

FILED IN
COURT OF CRIMINAL APPEALS

April 21, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR APPELLANT

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

JACK THEOTRICE CLARK, JR.,
APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-12-00134-
CR; TRIAL COURT NO. 9708-D)

STATE OF TEXAS,
APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Thomas M. Wheeler
350th District Court
Taylor County Courthouse
Abilene, TX 79602

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, TX 79604

James Eidson
District Attorney
Taylor County Courthouse
Abilene, TX 79602

Paul W. Hanneman
Appellant's Attorney/Trial
1305 Lamar Street
Sweetwater, TX 79556

Patricia Dyer
Assistant District Attorney
Taylor County Plaza
Abilene, TX 79602

Jack Theotrice Clark, Jr., Appellant
303 W. Texas Ave.
Sweetwater, TX 79556

ii

# TABLE OF CONTENTS

| SUBJECT | PAGE |
|---|---|

IDENTITY OF JUDGE, PARTIES, AND COUNSEL...........................ii

STATEMENT REGARDING ORAL ARGUMENT.............................vi

STATEMENT OF THE CASE...............................................................1

STATEMENT OF PROCEDURAL HISTORY.............................................2

## QUESTION PRESENTED FOR REVIEW

Has the time come to formally abandon the unjust and ill-conceived concept of assessing sufficiency of the evidence against some imaginary "hypothetically correct" jury charge, particularly in view of the indictment allegation Appellant bit Officer Jennings finger as the manner and means of committing the offense of assault on a public servant, considering a bite should have, of necessity, been proved beyond a reasonable doubt? (C.R. at 6). (V R.R. at 20-154)(VI R.R. at 11-160)(VII R.R. at 45-46)(IX R.R. ExhibitVolume).................................................................................3

PRAYER FOR RELIEF....................................................................9

CERTIFICATE OF SERVICE...........................................................9

CERTIFICATE OF COMPLIANCE.......................................................9

# INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Benson v. State*, 661 S.W.2d 708 (Tex. Cr. App. 1982)........................13

*Bledsue v. Johnson*, 188 F.3d 250 (5th Cir. 1999)...........................13-14

*Boozer v. State*, 717 S.W.2d 608 (Tex. Cr. App. 1984)........................13

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)...3, 6, 9, 10-12, 13

*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).....15

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)........................10

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App. 2007).....................5

*Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987)....................3, 5

*Delay v. State*, 443 S.W.3d 909 (Tex. Crim. App. 2014)......................10

*Fuller v. State*, 73 S.W.3d 250 (Tex. Cr. App. 2002)..............3, 8, 12, 13

*Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim. App. 2001)....................8-9

*Hooper v. State*, 214 S.W.3d 9, (Tex. Crim. App. 2007)......................12

*Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).......15

*In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002).................................9-10

*In Re Winship*, 397 U.S. 58, 90 S.Ct. 1068, 25 LEd2d 368, 375 (1970).......5

*Isassi v. State*, 330 S.W.3d 633 (Tex. Crim. App. 2010)................4-5, 12

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).............................................................*passim*

*Johnson v. State*, 364 S.W.3d 292 (Tex. Crim. App. 2012).....................4

*Lancon v. State*, 253 S.W.3d 699 (Tex. Crim. App. 2008)....................11

*Laster v. State*, 275 S.W.3d 512 (Tex. Crim. App. 2009).....................10

*Malik v. State*, 953 S.W.2d 234 (Tex. Cr. App. 1997)......................8, 13

*Richardson v. State*, 973 S.W.2d 384 (Tex. App.-Dallas 1998, no pet.).12-13

*Schexnider v. State*, 943 S.W.2d 194 (Tex. App.-Beaumont 1997, no pet.).12

*Shaw v. State*, 243 S.W.3d 647 (Tex. Crim. App. 2007)......................12

*Smith v. State*, 961 S.W.2d 501 (Tex. App.-San Antonio 1997, no pet.).....12

*Sorrells v. State*, 343 S.W.3d 152 (Tex. Crim. App. 2011)......................5

*Temple v. State*, 342 S.W.3d 572 (Tex. App.-Houston [14th Dist.] 2010, pet granted)................................................................................9

*Wallace v. State*, 955 S.W.2d 148 (Tex. App.-Beaumont 1997, no pet.).....12

*York v. State*, 2001 WL 225490 (Tex. App.-Houston [1st Dist.] 2001, no pet.)(unpublished memorandum opinion)...................................14-15

## CONSTITUTIONAL PROVISIONS & RULES                    PAGE

U.S. CONST. amend. XIV.................................................*passim*

Tex. R. App. P. 9.4..............................................................17

Tex. R. App. P. 66.3(c)..........................................................3

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTION PRESENTED; whether the State must prove what it alleges to satisfy the requirements of Due Process of Law; is an issue that merits further clarification for the bench and bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining the parameters of measuring the sufficiency of proof as against the allegations presented. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of that issue.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

JACK THEOTRICE CLARK, JR.,
  APPELLANT

NO. _____

(COURT OF APPEALS NO. 11-12-00134-
CR)(TRIAL COURT NO. 9708-D)

STATE OF TEXAS,
  APPELLEE

*****************************************

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

*****************************************

## STATEMENT OF THE CASE

The trial court convicted Appellant of Second Degree felony assault on a public servant, Christopher Jennings, Abilene Police Department, with one prior alleged, by biting his finger while he was in the lawful discharge of his official duty. On February 17, 2012, the trial court sentenced him to ten years TDCJ-ID. (C.R. at 6, 163). Following the overruling of Appellant's Motion for New Trial by operation of law (C.R. at 165), his Notice of Appeal was filed May 11, 2012. (C.R. at 172). The Trial Court's Certification of Defendant's Right of Appeal was filed March 2, 2012. (C.R. at 162). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented one issue in his brief, and the Eastland Court of Appeals affirmed. *Clark v. State*, _____ S.W.3d _____ 2015 WL 1322669 (Tex. App.-Eastland March 12, 2015)(Appendix). Appellant filed a motion for rehearing March 19, 2015, which was denied without written opinion April 2, 2014. This petition is due to be filed by May 4, 2015; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW

Has the time come to formally abandon the unjust and ill-conceived concept of assessing sufficiency of the evidence against some imaginary "hypothetically correct" jury charge, particularly in view of the indictment allegation Appellant bit Officer Jennings finger as the manner and means of committing the offense of assault on a public servant, considering a bite should have, of necessity, been proved beyond a reasonable doubt? (C.R. at 6). (V R.R. at 20-154)(VI R.R. at 11-160)(VII R.R. at 45-46)(IX R.R. Exhibit Volume).

## ARGUMENT

Due Process of Law demands the recognition by this Court the State must prove what it alleges in order to lawfully obtain a conviction. That is the gravamen of the basic case law governing sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010); *Fuller v. State*, 73 S.W.3d 250 (Tex. Cr. App. 2002); and *see generally*, *Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987). By its determination at pages six and seven of the Slip Opinion, "The focus is on the result of the defendant's action and his culpable mental state, not on the precise act or the nature of the conduct committed by the defendant," and by reliance on *Johnson v. State*, 364 S.W.3d 292 (Tex. Crim. App. 2012) for that assertion, the court below decided an important question of state and federal law that conflicts with the foregoing applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

The indictment alleged a Second Degree (by enhancement) felony assault on a public servant, Christopher Jennings, Abilene Police *by biting*

*his finger* while he was in the lawful discharge of his official duty. (C.R. at 6)(Emphasis supplied). As we stated in our SUMMARY OF THE ARGUMENT at page fifteen of Appellant's Brief filed in the court below, "Texas case law, odontology, and our commonsense all reach the same conclusion: To establish a bite, two opposing jaws must be shown to have clamped down on the object that was allegedly bit. Despite the testimony of Officer Christopher Jennings that Appellant bit his finger, all the other relevant evidence convincingly says otherwise." Despite the absence of proof of an actual bite as alleged, *Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012)[1] makes plain under the ill-conceived "hypothetically correct jury charge" standard of assessing sufficiency, the State was not required to prove a bite. That is wrong, contrary to Due Process of Law, and would allow, for example, an indictment alleging an assault by punching in the nose to be adequately proved beyond a reasonable doubt by proof of kicking in the butt.

## DUE PROCESS OF LAW

When performing a legal sufficiency review, a reviewing court does not reevaluate the weight and credibility of the evidence and substitute its judgment for that of the trier of fact. *Isassi v. State*, 330 S.W.3d 633, 638

---

[1] "In the present case, appellant was charged with aggravated assault by causing serious bodily injury. The variance in this case involves the charged acts of 'hitting the victim with his hand' and 'twisting the victim's arm with his hand' versus the proved act of 'throwing the victim against the wall.'...What caused the victim's injury is not the focus or gravamen of this offense. The aggravated assault offense at issue is a result-of-conduct crime with the focus or gravamen being the victim and the bodily injury that was inflicted. 'The precise act or nature of conduct in this result-oriented offense is inconsequential.' " (Footnotes omitted).

4

(Tex. Crim. App. 2010).[2] Instead, the reviewing court determines whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011).[3] The reviewing court presumes that the trier of fact resolved conflicting inferences in favor of the verdict and defers to that resolution. *Jackson*, 443 U.S. at 326. *Collier v. Poe*, 732 S.W.2d 332, 343-344 (Tex. Crim. App. 1987) held Due Process rights belong to the individual, not the State. It is evident the requirement there can be no criminal conviction but by sufficient evidence necessary to convince a trier of fact beyond a reasonable doubt of every element of the offense, and the trier of fact must rationally apply that standard to the evidence presented, is mandated by Due Process of Law. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime*

---

[2] *Isassi, supra,* 330 S.W.3d at 638, "Rather, we defer to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' This same standard applies equally to circumstantial and direct evidence. 'Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally.' " (Footnotes and citations omitted).

[3] *Sorrells v. State,* 343 S.W.3d 152, 155 (Tex. Crim. App. 2011), citing *Clayton v. State,* 235 S.W.3d 772 (Tex. Crim. App. 2007), summarized the sufficiency process as follows: "When we review a court of appeals's application of the legal sufficiency standard set out in *Jackson v. Virginia,* the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence* when viewed in the light most favorable to the verdict. (Emphasis supplied).

5

*with which he is charged." In Re Winship*, 397 U.S. 58, 90 S.Ct. 1068, 25 LEd2d 368, 375 (1970). (Emphasis supplied).

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) teaches that *Winship*:

> requires more than simply a trial ritual...[S]o fundamental a substantive constitutional standard must also require that the factfinder will rationally apply that standard to the facts in evidence...After Winship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. Id. at 572-573 (footnotes and citations omitted). [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. 61 L.Ed.2d at 574.

Due Process of Law demands Jack Clark be acquitted as the State was unable to prove a material allegation of the indictment. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is firmly grounded in basic principles of Due Process. When this Court overruled *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and did away with factual sufficiency review, it directed, "We...overrule *Clewis* and decide that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). A more in-depth analysis of *Jackson v. Virginia* is necessary.

6

*Jackson v. Virginia* reiterated an obvious concept:

> It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process...These standards no more than reflect a broader premise that has never been doubted in our constitutional system: that a person cannot incur the loss of liberty for an offense without notice and a meaningful opportunity to defend... A meaningful opportunity to defend, if not the right to a trial itself, presumes as well that a total want of evidence to support a charge will conclude the case in favor of the accused. Accordingly, we held in the *Thompson* case that a conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm...The "no evidence" doctrine of *Thompson* v. *Louisville* (362 U.S. 199) thus secures to an accused the most elemental of due process rights: freedom from a wholly arbitrary deprivation of liberty. Id. 61 L.Ed.2d at 571. (Some citations omitted).

The Supreme Court continued, "In short, *Winship* presupposes as an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof -- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of *every element of the offense*." Id. (Emphasis supplied). And having built on that firm foundation, the Supreme Court concluded:

> The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence. The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless. *E. g., Mullaney* v. *Wilbur*, 421 U.S., at 697-698 (*requirement of proof beyond a reasonable doubt is not "[limited] to those facts which, if not proved, would wholly exonerate" the accused*). *Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar.*
>
> We hold that in a challenge to a state criminal conviction ... the applicant is entitled to habeas corpus relief if it is found

7

that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Id. 61 L.Ed.2d at 576-577. (Emphasis supplied)(Citation omitted).

The Court then noted "The respondents have suggested that this constitutional standard will invite intrusions upon the power of the States to define criminal offenses. Quite to the contrary, the standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. Whether the State could constitutionally make the conduct at issue criminal at all is, of course, a distinct question." Id. 61 L.Ed.2d at 577, FN 16. And quite correctly, this Court, citing that footnote, recognized Due Process demands sufficiency of the evidence be assessed in view of the trial court's charge to the jury (which of course must track the indictment):

> *Gollihar's*[4] standard of measuring evidentiary sufficiency against the "elements of the offense as defined by the hypothetically correct jury charge for the case" clearly is not the same as the *Jackson v. Virginia* standard of measuring evidentiary sufficiency against the "substantive elements of the criminal offense as defined by state law." *Compare Jackson,* 99 S.Ct. at 2792 fn. 16, with, *Gollihar,* 46 S.W.3d at 255. *Gollihar,* therefore, does not apply to appellant's *Jackson v. Virginia* evidentiary sufficiency claim. *Fuller v. State,* 73 S.W.3d 250, 252 (Tex. Cr. App. 2002).

Prior to *Fuller, Malik v. State,* 953 S.W.2d 234 (Tex. Cr. App. 1997) and *Gollihar, supra;* considered together; stood for the proposition the "hypothetically correct jury charge" standard of assessing sufficiency of the evidence was to be applied in both jury charge error cases and evidentiary

---

[4] *Gollihar v. State,* 46 S.W.3d 243 (Tex. Crim. App. 2001).

sufficiency cases. *Fuller v. State*, *supra*, 73 S.W.3d at 252 then made clear the "hypothetically correct jury charge" standard is not to be employed in assessing evidentiary sufficiency regarding the sufficiency of the evidence to prove beyond a reasonable doubt that Appellant Jack Clark assaulted a public servant, Officer Chris Jennings, by biting his finger.

## *JACKSON* STANDARD MUST BE THE HIGHEST STANDARD OF REVIEW

*Brooks* has been criticized for intruding upon the constitutional factfinding prerogative of the courts of appeals. *See*, *Temple v. State*, 342 S.W.3d 572, 620-621 (Tex. App.-Houston [14th Dist.] 2010, pet granted)(Seymore, J., concurring). As *Brooks* also mandates *Jackson v. Virginia* is "the only standard" to be applied, that may well be its triumph in the end. "Legal sufficiency of the evidence is a test of adequacy, not mere quantity. Sufficient evidence is 'such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.' In criminal cases, only that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction. There is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*. All civil burdens of proof and standards of appellate review are lesser standards than that mandated by *Jackson*." *Brooks v. State*, *supra*, 323 S.W.3d at 917 (Cochran, J. concurring).

The *Jackson v. Virginia* standard of review is however, as a practical

9

matter, not the highest standard of review applied by Texas courts. The clear and convincing legal sufficiency standard is actually more probing. "In evaluating evidence for legal sufficiency under a clear and convincing standard, we review all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). "We resolve disputed fact questions in favor of the finding *if a reasonable factfinder could have done so*, and we disregard all contrary evidence *unless a reasonable factfinder could not have done so.*" *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005); *In re J.F.C.*, *supra*, 96 S.W.3d at 266. (Emphasis supplied). A clear and convincing sufficiency review means contrary evidence is not to be disregarded; it is to be weighed to determine whether it could have been reasonably disregarded.

*Jackson v. Virginia* is in fact the highest standard of review. Questions of fact must be resolved with the utmost scrutiny. A reviewing court may consider whether the trier of fact "got it wrong" because the verdict the trier of fact renders is irrational considering the evidence presented. *See, Laster v. State*, 275 S.W.3d 512, 517-518 (Tex. Crim. App. 2009).

As this Court has aptly noted, "...sometimes appellate review of legal sufficiency involves simply construing the reach of the applicable penal provision in order to decide whether the evidence, even when viewed in the light most favorable to conviction, actually establishes a violation of the law." *Delay v. State*, 443 S.W.3d 909, 912-913 (Tex. Crim. App. 2014). The

10

following analysis will show this case represents one such occurrence where the trier of fact was not rational. *Brooks* held in conducting a legal sufficiency review, (1) reviewing courts are to review all of the evidence, and not just the evidence that favors the conviction, (2) in the light most favorable to the prosecution, and (3) affirm the conviction if the evidence is legally sufficient for a rational trier of fact, and not just any trier of fact, to find all of the elements of the offense beyond a reasonable doubt. *Brooks*, *supra*, at 323 S.W.3d 899.

Questions that arise are: how much deference should a reviewing court give to the verdict, what is a "rational" trier of fact, and when this Court considers all of the evidence in the light most favorable to the verdict, was the trier of fact rational in finding guilt beyond a reasonable doubt? In ruling a "great amount of deference" must be given to the verdict of the trier of fact, the this Court acknowledged it had never previously stated precisely how much deference it must give to the verdict of the trier of fact, and especially to the trier of fact's credibility and weight determinations. *Brooks*, *supra*, 323 S.W.3d at 900. Further, "total deference" to the trier of fact's credibility and weight determinations is not required. *Id*. at 902 n.19 (emphasis added). This Court rejected the suggestion from the dissenting opinion in *Lancon v. State*, 253 S.W.3d 699, 707-709 (Tex. Crim. App. 2008), that "total deference" is the standard. *Id*.[5] And this Court also held

---

[5] *Brooks v. State*, *supra*, 323 S.W.3d 902, fn 19, "A dissenting opinion in *Lancon* stated that the majority opinion "seems to say that from now on, the level of deference due a jury's decision will be total deference when the decision is based on an evaluation of credibility." *See Lancon*, 253 S.W.3d at 708 (Johnson, J., dissenting). We disagree. Our

11

there is some evidence that a rational trier of fact cannot disregard or disbelieve. If all of the evidence, even that which is contrary or inconsistent, must be weighed in a clear and convincing review, then certainly more is required by *Jackson v. Virginia*.[6]

Finally, the standard of proof in circumstantial evidence cases is the same standard as used in "direct evidence" cases, and a reviewing court may consider the existence of all alternative reasonable hypotheses in conducting such a review. *Isassi, supra,* 330 S.W.3d at 638; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Schexnider v. State,* 943 S.W.2d 194, 198 (Tex. App.-Beaumont 1997, no pet.); *Wallace v. State,* 955 S.W.2d 148, 151 (Tex. App.-Beaumont 1997, no pet.); *Smith v. State,* 961 S.W.2d 501, 504 (Tex. App.-San Antonio 1997, no pet.); *Richardson v. State,* 973

---

decision in *Lancon* merely recognizes that the jury is the "sole judge of a witness's credibility, and the weight to be given the testimony" thus requiring the reviewing court to defer to the jury on these determinations (i.e., view the evidence in the light most favorable to the verdict). Viewing the evidence in the light most favorable to the verdict, however, begins the *Jackson v. Virginia* legal-sufficiency analysis. The *Jackson v. Virginia* standard still requires the reviewing court to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original); *Watson,* 204 S.W.3d at 418 n. 7 (Hervey, J., dissenting). This is the portion of the *Jackson v. Virginia* standard that essentially incorporates a factual-sufficiency review. *See Clewis v. State,* 876 S.W.2d 428, 438–39 (Tex.App.-Dallas 1994) (*Jackson v. Virginia* standard necessarily encompasses a factual-sufficiency review), *vacated,* 922 S.W.2d at 136."

[6] While it is axiomatic that appellate courts do not engage in credibility assessments, the Court of Criminal Appeals has recognized that an appellate court must, at times, determine whether a jury's reliance upon certain evidence to support its conclusion is rational. See, *Shaw v. State,* 243 S.W.3d 647, 658 (Tex. Crim. App. 2007), "The requirement that the evidence must rationally support a jury finding before a defensive instruction is required serves to preserve the integrity of the jury as the factfinder by ensuring that it is instructed as to a defense only when, given the evidence, that defense is a rational alternative to the defendant's criminal liability. If a jury were instructed as to a defense even though the evidence did not rationally support it, then the instruction would constitute an invitation to the jury to return a verdict based on speculation." (Footnotes omitted).

S.W.2d 384, 385 (Tex. App.-Dallas 1998, no pet.).

## THE "HYPOTHETICALLY CORRECT" JURY CHARGE STANDARD DOES NOT APPLY

As a result of *Fuller* and *Brooks*, the "hypothetically correct jury charge" standard does not apply. Moreover, *Malik v. State*, *supra*, overruled *Benson v. State*, 661 S.W.2d 708, 715 (Tex. Cr. App. 1982)("We hold that when a charge is correct for the theory of the case presented we review the sufficiency of the evidence in a light most favorable to the verdict by comparing the evidence to the indictment *as incorporated into the charge*."); and *Boozer v. State*, 717 S.W.2d 608, 611 (Tex. Cr. App. 1984)("Under the trial court's charge in the instant case, the only verdict authorized in view of the evidence was 'not guilty;' restated, had the jury followed the trial court's instructions, appellant would have been acquitted."); they stood for the proposition sufficiency of the evidence is assessed against the charge given. *Malik v. State*, *supra*, 953 S.W.2d at 239. Considering the holdings in *Fuller* and *Brooks* that the "hypothetically correct jury charge" standard no longer applies in assessing evidentiary sufficiency pursuant to Due Process of Law, we submit the more sensible rule of *Benson* and *Boozer* should again be the law. See generally, *Bledsue v. Johnson*, 188 F.3d 250, 266 (5th Cir. 1999)(Wiener, J., dissenting).[7]

---

[7] "A. *Sufficiency Analysis Under* Jackson v. Virginia

In reviewing challenges to constitutional sufficiency of the evidence, we begin with the well-known *Jackson v. Virginia* standard. As noted, we must determine whether, in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," with "explicit reference to the *substantive* elements of the criminal offense *as defined by state law*." When the

13

## THE STATE UTTERLY FAILED TO PROVE WHAT WAS ALLEGED

Did the evidence show beyond a reasonable doubt Appellant bit Officer Jennings' finger? It certainly did not. As we pointed out in our brief, the evidence came nowhere near rebutting what Appellant Jack Theotrice Clark, Jr. maintained from the beginning—he did not intentionally *bite* the finger of Officer Jennings. The former jail doctor fully corroborated Appellant's excited utterance the officer had put his hand in Appellant's mouth causing a cut under the tongue. (VI R.R. at 44-46)(State's Exhibit One, arrest video). Moreover, a former shift sergeant at the Taylor County Jail described Appellant as "disheveled" when he came in contact with him on September 13, 2009, and recalled Appellant telling him then "that he thought they sprayed their hand and stuck it in his mouth..." (VI R.R. at 63-65). Appellant steadfastly maintained his position from the initial res gestae statements that can be heard in the video of the scuffle that the officer was

---

*Jackson* Court formulated this standard, it re-emphasized the Fourteenth Amendment's guarantee that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof," but contemplated the intrusion by federal courts into state convictions as a matter of finality and federal-state comity. The Court concluded that finality of judgment should not be achieved at the expense of a constitutional right, stating:

> The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence. The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless. Under our system of criminal justice *even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar.* (Footnotes and citations omitted).

14

sticking his hand in Appellant's mouth, through his testimony at trial. And in order for there to be a bite, two opposing jaws must clamp down on the object that was allegedly bit. "[A] bite implies intentional conduct because the actor must not only take the object into his mouth, but also close his teeth on the object." *York v. State*, 2001 WL 225490 at Slip Op 2 (Tex. App.-Houston [1st Dist.] 2001, no pet.)(unpublished memorandum opinion).

## CONCLUSION

Appellant asks this Court to weigh all the evidence and determine whether any rational trier of fact could have found beyond a reasonable doubt he bit the officer's finger, as alleged. Considering the tenuous nature of the evidence adduced at trial regarding the alleged bite, Appellant further asks for a finding the determination beyond a reasonable doubt he bit the officer's finger was not rational. Review should therefore be granted in order to clarify for the bench and bar Due Process of Law means the State must prove what it alleges in order to convict, and Appellant's conviction of assault on a public servant should therefore be reversed and reformed to show an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

15

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing and this conviction to show a judgment of acquittal, or, alternatively, remand this cause to the Court of Appeals for a proper sufficiency analysis.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this _____17th_____ day of April, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Patricia Dyer, Appellate Section, Taylor County District Attorney's Office, Taylor County Courthouse, Abilene, Texas dyerp@taylorcountytexas.org; James Eidson, District Attorney, Taylor County Courthouse, Abilene, Texas eidsonj@taylorcountyteas.org; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is ___4105___ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown

STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

---

## No. 11-12-00134-CR

---

## JACK THEOTRICE CLARK, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

---

On Appeal from the 350th District Court
Taylor County, Texas
Trial Court Cause No. 9708-D

---

### OPINION

The trial court convicted Appellant, Jack Theotrice Clark, Jr., of the offense of assault on a public servant.[1] After Appellant pleaded "true" to an enhancement paragraph, the trial court assessed his punishment at confinement for a term of ten years. In his sole issue on appeal, Appellant challenges the sufficiency of the evidence. We affirm.

### I. *The Charged Offense*

The grand jury indicted Appellant for the offense of assault on a public servant. The indictment alleged that, on or about September 13, 2009, Appellant

---

[1]TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014).

intentionally and knowingly caused bodily injury to Officer Christopher Jennings, a person Appellant knew was a peace officer attempting to lawfully discharge his official duty, by biting Officer Jennings on the finger. A person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. PENAL § 22.01(a)(1), (b)(1).[2] In addition, the indictment included an enhancement paragraph that listed a prior felony conviction for delivery of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120 (West 2010) (Offense: Delivery of Marihuana). An offense of assault on a public servant with an enhancement is punished as a felony of the second degree. *See* PENAL §§ 12.42(a), 22.01(b)(1).

Appellant pleaded "not guilty." The trial court found Appellant guilty of assault on a public servant.

## II. *Evidence at Trial*

John Wilson, a police officer with the Abilene Police Department, responded to a disturbance call early in the morning on September 13, 2009. He wore an Abilene police uniform and a duty belt and drove a marked patrol car. Appellant approached Officer Wilson's patrol car as Officer Wilson arrived on the scene of the disturbance call. Officer Wilson asked Appellant to stand in front of the patrol car so the in-car video camera could record their interaction. Officer Christopher Jennings arrived at the scene shortly after Officer Wilson; Officer Jennings also wore an Abilene police uniform with badges and drove a marked patrol car.

Officer Wilson requested, for safety reasons, that Appellant keep his hands out of his pants pockets. Officer Wilson was concerned because he was not sure if Appellant was armed. Appellant initially stood in front of the patrol car but later

---

[2]Although the statute allows for a conviction based on reckless conduct, the indictment did not include reckless conduct in its charge. Therefore, we will only consider whether Appellant's conduct was intentional or knowing.

moved out of view from the video camera, and he continued to place his hands in his pockets. After several requests by Officer Wilson for Appellant to remove his hands from his pockets, Officer Wilson grabbed Appellant's wrist and employed a "soft hand technique" to get Appellant's hands out of Appellant's pockets.

Appellant resisted, and a struggle ensued. Appellant then tried to escape to his vehicle. Officer Wilson said that, at this time, he used a "hard hands" technique, sprayed Appellant with pepper spray, and struck Appellant with an ASP[3] several times, but Appellant refused to comply with the orders. A third Abilene police officer, Chris Lazirko, arrived on scene during the struggle, and the three officers—Wilson, Jennings, and Lazirko—finally subdued Appellant.

Officer Jennings corroborated Officer Wilson's testimony that they had asked Appellant a number of times to remove his hands from his pockets because they were unsure if he was armed and were concerned about their safety. After Appellant repeatedly put his hands back in his pockets, both Officer Jennings and Officer Wilson approached Appellant, and when Officer Wilson grabbed Appellant's arm, Appellant resisted. The officers were then forced to use pepper spray, punches, and a metal baton or ASP to control Appellant and to keep him from grabbing the officers' guns.

During the struggle, Appellant drew his head back and then lunged forward to bite Officer Jennings's finger or hand, and Appellant bit Officer Jennings on the index finger, which broke the skin, and also on the middle finger. Officer Jennings said that the bite, which he thought Appellant did intentionally, caused "[e]xcruciating pain."

Appellant testified that he pulled his arm away from Officer Wilson's "soft hand technique" because he believed contact was not justified. He said that the officers hurt him and that he tried to escape from their physical contact. Appellant

---

[3]An ASP is a metal club or baton.

3

also said that he was never told why he was being detained until after he was handcuffed by the officers. Appellant said that the officers sprayed pepper spray on their hands and put their fingers in his mouth and that it was impossible for his teeth not to touch their fingers. Appellant claimed he never bit anyone and never wanted to hurt the police officers even though he was strong enough to do so.

Evette Aguilar, the girl with whom Appellant had argued before the police arrived, witnessed the struggle and testified that she never saw Appellant bite either officer. Martha Anne Walke, a doctor that treated Appellant two days after the struggle, testified that Appellant told her that a police officer scratched the inside of his mouth; she also testified that she observed a scratch in Appellant's mouth. Officer Jennings denied that he put his fingers in Appellant's mouth.

After the incident, Officer Jennings went to Hendrick Medical Center, where medical personnel treated and took pictures of his wounds. Steven Kastl, a board-certified emergency medicine doctor, testified that he observed bite marks on Officer Jennings's left index and middle fingers at the hospital.

The defense called Robert Glenn Williams, a dentist and board-certified forensic odontologist,[4] to testify about the marks on Officer Jennings's fingers. Dr. Williams could not conclude one way or another, based upon a review of photographs of the supposed bite marks, whether a bite caused the wound depicted in the pictures. Dr. Williams also opined that Dr. Kastl's testimony—that he observed bite marks—should be discounted because Dr. Kastl did not apply any forensic techniques and was swayed by Officer Jennings's belief that the wounds came from a bite.

---

[4]A forensic odontologist is a dentist that specializes in the application of dentistry to the law. They help identify deceased people, compare bite marks, and serve as expert witnesses, among other things.

4

## III. *Issue Presented*

Appellant asserts in a single issue that the evidence was insufficient to support his conviction.

## IV. *Standard of Review*

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The trier of fact is the sole judge of the weight and credibility of the evidence, and a reviewing court may not reevaluate the weight and credibility of the evidence so as to substitute its own judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The reviewing court must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

## V. *Analysis*

Appellant argues that the evidence was insufficient to show that he bit Officer Jennings and that Officer Jennings was acting in the lawful discharge of his official duty when the incident occurred. The Texas Court of Criminal Appeals has broadly interpreted the definition of bodily injury to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching." *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Lawful

5

discharge of an official duty "means that the public servant is not criminally or tortiously abusing his office as a public servant." *Hall v. State*, 158 S.W.3d 470, 475 (Tex. Crim. App. 2005). Examples of such abuse include acts of "official oppression" or "the use of unlawful, unjustified force." *Id.* (citing PENAL § 39.03 (Official Oppression)). Knowledge that the assaulted person was a public servant is presumed if the person was wearing a distinctive uniform or badge that indicated the person's employment as a public servant. PENAL § 22.01(d).

Direct evidence of each element is not required to support a conviction; circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007) (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). In addition, "a jury may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Wingfield v. State*, 282 S.W.3d 102, 105 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.)). Juries may utilize common sense and apply common knowledge gained from ordinary experiences in life to draw reasonable inferences from the evidence. *Id.* (citing *Wawrykow v. State*, 866 S.W.2d 87, 88–89 (Tex. App.—Beaumont 1993, pet. ref'd) (finding that a rational jury could have inferred that pushes to the chest caused "physical pain")); *see also Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (stating that people of common intelligence understand what naturally causes physical pain).

*A. Bodily Injury Element*

Appellant claims there is insufficient evidence to prove he bit Officer Jennings. An assault against a public servant is a result-oriented offense. *Brooks v. State*, 967 S.W.2d 946, 950 (Tex. App.—Austin 1998, no pet.); *see Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim. App. 2012). The focus is on the result of

6

the defendant's action and his culpable mental state, not on the precise act or the nature of the conduct committed by the defendant. *Johnson*, 364 S.W.3d at 298; *Brooks*, 967 S.W.2d at 950. The State presented as evidence a picture of Officer Jennings's wounded fingers; the picture was taken at the hospital after the struggle. Dr. Kastl, the emergency room doctor, testified that he observed the injuries on Officer Jennings's fingers. Officer Jennings testified that his fingers were injured by Appellant and that the injury was painful. Officer Jennings also testified that Appellant bit two of his fingers and that the bite broke the skin on his index finger. The State adduced sufficient evidence that Appellant knowingly or intentionally caused bodily injury to Officer Jennings's finger.

### B. Element of Acting in Lawful Discharge of Duty

Appellant also argues that the testimony of Stan Standridge, Chief of Police for the City of Abilene, is evidence that Officer Jennings did not act in the lawful discharge of his duty. An officer investigating a "suspicious circumstance," while in uniform and driving a marked patrol car, is evidence the officer is acting in the lawful discharge of his official duty. *Farris v. State*, 819 S.W.2d 490, 496 (Tex. Crim. App. 1990), *overruled on other grounds by Riley v. State*, 889 S.W.2d 290, 298 (Tex. Crim. App. 1993). Chief Standridge also acknowledged that it is Abilene police policy "that when feasible the officers must state their purpose to detain or arrest a suspect, give the reason for the detention or arrest, and warn the suspect that force will be used."

The evidence at trial indicated that the officers, both in uniform and driving marked patrol cars, reported to the scene of the struggle to investigate a disturbance call. During their encounter with Appellant, Appellant repeatedly failed to comply with their requests to stay in front of the patrol car and keep his hands out of his pockets. When Appellant failed to comply, Officer Wilson attempted to enforce compliance through a "soft hand technique," but Appellant

7

resisted. The officers then escalated their attempts to control Appellant and used "hard hands," pepper spray, and an ASP to force his compliance. Appellant continued to resist and was eventually subdued by three officers. Officer Jennings testified that, because of Appellant's actions before and during the struggle, the officers had no chance to inform Appellant that he was being detained.

We conclude from our review of the record that there is sufficient evidence from which the trier of fact could have determined beyond a reasonable doubt that Appellant knowingly or intentionally injured Officer Jennings's finger while the officer was acting in the lawful discharge of his official duties. *See Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We overrule Appellant's sole issue.

### VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

March 12, 2015

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

8



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Jack Theotrice Clark, Jr.,

\* From the 350th District
Court of Taylor County,
Trial Court No. 9708-D.

Vs. No. 11-12-00134-CR

\* March 12, 2015

The State of Texas,

\* Opinion by Willson, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.